364 So.2d 858 (1978)
YORK INSURANCE COMPANY, Appellant,
v.
Pamela BECKER, a Minor, by and through Her Natural Father, Wayne J. Becker, Wayne J. Becker, Individually, and Sunnee H. Becker, Appellees.
No. 78-835.
District Court of Appeal of Florida, Second District.
November 29, 1978.
*859 Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellant.
John W. Frost, II, and Charles W. Dodson of Holland & Knight, Bartow, for appellees.
DANAHY, Judge.
The Florida law requiring uninsured motorist coverage in automobile insurance policies[1] was amended in 1973 to provide that uninsured motorist coverage shall also be underinsured motorist coverage.[2] In the 1973 amendment the legislature provided that the amendment "shall take effect October 1, 1973, and shall be applicable to policies delivered, issued for delivery or renewed in this state with an inception date on or after October 1, 1973."[3]
The issue in this case is whether the 1973 amendment is applicable to a policy obtained by plaintiffs/appellees Becker from defendant/appellant York Insurance Company. There is no dispute as to the facts. The trial judge ruled that the amendment was applicable to the Becker policy and granted the Beckers' motion for summary judgment. York appeals that order, which, though not final, is subject to interlocutory appeal as a non-final order determining the issue of liability in favor of a party seeking affirmative relief. Fla.R. App.P. 9.130(a)(3)(C)(iv). We reverse.
The Becker policy, containing uninsured motorist coverage, was issued and delivered in the spring of 1973 for an initial six-months period. When the policy premium came due for the second six-months period, Mr. Becker made timely payment. He received a new declarations page in November 1973 after the page had been countersigned by York's agent on November 15, 1973. The declarations page described the policy period as being from September 30, 1973 until March 30, 1974. The automobile accident giving rise to this suit occurred on March 2, 1974.
The Becker policy provided that the initial and each successive policy period shall be the period stated in the declarations. It further provided that "this policy shall not *860 be valid until countersigned by the duly authorized agent of the company."
We have a basic question of statutory interpretation. In the version urged by York, the events in the fall of 1973 are described as a policy "renewal." The Beckers, on the other hand, insist that those events constituted the "delivery" of a policy. In our view it is not significant whether there was a renewal of an existing policy or a delivery of a new one; the key words used by the legislature are "inception date." We hold that "inception date" means the first day of the policy period as stated on the declarations page (or elsewhere in the policy), which in this case was September 30, 1973.
The Beckers have vigorously argued that the inception date should be considered the countersignature date of November 15, 1973 or at least the delivery date of the new declarations page. However, this court has previously held that the duration of an insurance policy, when fixed by clear and unambiguous language, will not be altered because some incident bearing upon the effectiveness of the policy, such as a countersigning or a premium payment, occurs on a nonconforming date. State Farm Mutual Auto. Ins. Co. v. Veenschoten, 272 So.2d 201 (Fla. 2d DCA 1973). That rule is applicable here. The events in November 1973 did not extend the policy period; neither did they delay its beginning for purposes of determining coverage.
The 1973 amendment not being applicable to the Becker policy, that policy does not provide underinsured motorist coverage and the Beckers are precluded from recovery in this suit.
Reversed with directions to enter judgment for appellant.
BOARDMAN, Acting C.J. and RYDER, J., concur.
NOTES
[1] Currently § 627.727, Fla. Stat. (1977), as amended by Ch. 78-374, Laws of Fla., effective January 1, 1979.
[2] Ch. 73-180, Laws of Fla.
[3] Id. at § 5.