364 So.2d 1259 (1978)
STATE FARM AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Carolyn S. KRAVER, Appellee.
No. 78-1518.
District Court of Appeal of Florida, Third District.
December 5, 1978.
*1260 Talburt, Kubicki & Bradley and Betsy E. Hartley, Miami, for appellant.
Alldredge & Gray and James H. Gray, Jr., Miami, for appellee.
Before HUBBART, KEHOE and SCHWARTZ, JJ.
HUBBART, Judge.
The sole issue involved in this appeal is whether the occupant of a motor vehicle which is involved in an accident with a second motor vehicle is entitled to personal injury protection benefits from the insurer of the owner of the second motor vehicle under Section 627.736(4)(d), Florida Statutes (Supp. 1976) of the Florida Automobile Reparations Act. We hold that such a motor vehicle occupant may never recover personal injury protection benefits from the insurer of the owner of the second motor vehicle under the above statute. Accordingly, we reverse.
The facts pertaining to the above issue are undisputed. On January 14, 1977, the plaintiff Carolyn S. Kraver was involved in a two car automobile collision in Miami Beach, Florida. The plaintiff Kraver was driving a 1971 Cadillac at the time of the collision. This automobile was uninsured, had been purchased by the plaintiff Kraver, and was registered and titled under her father's name, Joseph Guskowski. The second motor vehicle involved in the accident was driven by one Elaine Fructman and insured by State Farm Automobile Insurance Company.
Approximately a year after the subject accident, the plaintiff Kraver filed this action against State Farm Automobile Insurance Company under the Florida Automobile Reparations Reform Act in Circuit Court for the Eleventh Judicial Circuit of Florida. Based on the above undisputed facts, both parties moved for summary judgment. The trial court granted the motion for summary judgment as to the plaintiff Kraver. This appeal from such a nonfinal order follows. Fla.R.App.P. 9.130(a)(3) (C)(iv).
This case is directly controlled by the plain language of Section 627.736(4)(d), Florida Statutes (Supp. 1976) which is part of the Florida Automobile Reparations Reform Act.[1] The statute in question provides as follows:
"(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a motor vehicle or motorcycle if the injury is caused by physical contact with a motor vehicle.
2. Accidental bodily injury sustained outside this state but within the United States of America, its territories or possessions, or Canada by the owner while occupying the owner's motor vehicle.
3. Accidental bodily injury sustained by a relative of the owner residing in the same household, under the circumstances described in subparagraph 1. or subparagraph 2., provided the relative at the time of the accident is domiciled in the owner's household and is not himself the owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741.
4. Accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle or, if a resident of this state, while not an occupant of a motor vehicle or motorcycle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
a. The owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741, or
b. Entitled to personal injury benefits from the insurer of the owner of such a motor vehicle." [Emphasis added]
All agree that Section 627.736(4)(d)1-3, Florida Statutes (Supp. 1976) is inapplicable *1261 to this case. The plaintiff is neither the owner nor a relative of the owner of the insured motor vehicle herein. The dispute in this case centers on the applicability of Section 627.736(4)(d)4, Florida Statutes (Supp. 1976).
In our view, the plaintiff does not come within the protection of Section 627.736(4)(d)4, Florida Statutes (Supp. 1976) because she fails to qualify either as (1) an occupant of the insured owner's motor vehicle at the time of the accident, or (2) a non-occupant of a motor vehicle or motorcycle at the time of such accident. The presence of either such factor is an essential prerequisite under the above statute in order for the plaintiff to collect personal injury protection benefits from the insurer of the owner's motor vehicle herein.[2] Without dispute, the plaintiff was driving an uninsured 1971 Cadillac automobile at the time of the subject accident with the insured owner's motor vehicle.
We have reviewed Farley v. Gateway Insurance Co., 302 So.2d 177 (Fla.2d DCA 1974), relied upon by the plaintiff Kraver and find it inapplicable to this case. Indeed, both parties agree that there are no decisions in this state directly controlling the issue facing the court. In our view, the plain and unambiguous language of the applicable statute herein puts this plaintiff outside the ambit of personal injury protection benefit recovery.
The order under review is reversed and the cause remanded for further proceedings consistent with this opinion.
NOTES
[1] This statute has since been amended but such amendment did not take effect until after the date of the subject accident. § 627.736(4)(d), Fla. Stat. (1977).
[2] There are, of course, other requirements essential to the recovery of personal injury protection benefits under the statute which are not relevant here. § 627.736(4)(d)4a-b, Fla. Stat. (Supp. 1976).