ON MOTION TO DISMISS
ERVIN, Judge.
This cause is before us upon appellee’s motion to dismiss appellant’s review of a non-final order. Appellee sought damages on behalf of the estate of James Harold Morris for the wrongful death of the latter caused by the alleged negligence of one Jack Page, who, at the time of the accident, operated decedent’s automobile with his apparent knowledge and consent. Both Page and State Farm were sued. It was alleged that State Farm had insured decedent’s automobile and, upon the death of the decedent, the insured, the policy inured to the benefit of his estate. State Farm moved for summary judgment, contending that the policy was designed to protect the decedent from liability to third persons caused by the operation of his insured vehicle and was not intended to provide bodily injury coverage to the insured.[1] The motion for summary judgment was denied, the court holding that the exclusion had no application. The order also denied appellee’s motion for summary judgment. The order concluded by stating that it did not decide whether or not either defendant Jack Page or State Farm might still raise affirmative defenses, assumption of the risk and comparative negligence.
Fla.R.App.P. 9.130(a)(C)(iv) permits review of non-final orders which determine the issue of liability in favor of the party seeking affirmative relief. The committee note to the rule states that it permits “appeals from interlocutory orders which determine liability in favor of a claimant.” (e.s.) No liability has been determined as yet in favor of the claimant. Both appellant’s and appellee’s motions for summary judgment were denied. While the court held that State Farm’s exclusionary clause did not apply, it still made no ruling on an affirmative issue of liability. Such issues remain outstanding and are not ripe for review at this point. Appellee’s motion to dismiss the interlocutory appeal is granted.
MILLS, Acting C. J., and SMITH, J., concur.

. The policy excluded coverage “to any insured or any member of the family of an insured residing in the same household as the insured; . .