385 So.2d 1034 (1980)
Otis R. PEAVY, As Personal Representative of the Estate of Martha L. Peavy, Deceased, and Otis R. Peavy, Individually, Appellant,
v.
Reed PARRISH and Wayne Parrish, Appellees.
No. 79-1377.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
Rehearing Denied July 29, 1980.
*1035 Cecil T. Farrington of Farrington & Farrington, Fort Lauderdale, and Davis, Browning & Hardee, Madison, for appellant.
Michael G. Widoff of Widoff & Cohn, Fort Lauderdale, for appellees.
HERSEY, Judge.
Appellees filed a claim against the estate of their deceased mother in probate proceedings in Broward County, Florida. The surviving spouse of the decedent, as personal representative of the estate, filed an objection to the claim.
A complaint was then filed in the Circuit Court in Broward County seeking to enforce an alleged oral promise of the decedent. One form of relief sought was the imposition of a constructive trust on decedent's real estate located in Broward County.
Appellant countered with motions to transfer venue and to dismiss the complaint. The motions were denied and this appeal followed.
The motion to dismiss asserted failure of the complaint to state a cause of action. An order denying such a motion is a non-final order. The applicable rule, Rule 9.130, Florida Rules of Appellate Procedure, does not permit an appeal of such an order. E.E. Dean Snavely, Inc. v. Weatherking, Incorporated, 359 So.2d 35 (Fla. 4th DCA 1978).
The motion to transfer venue asserts that suit must be brought in the county of appellant's residence. Venue of the probate proceedings was properly laid in the county of decedent's last residence, Broward County. § 733.101, Fla. Stat. (1979). However, the statutory provision under which appellees filed this independent action does not refer to venue. § 733.705(3) Fla. Stat. (1979). Therefore, the general venue statute applies. § 47.011 Fla. Stat. (1979).
Plaintiffs, appellees here, have certain limited options in selecting venue. Their election controls, unless venue will not lie in that place. Florida Forms, Inc. v. Barkett Computer Services, Inc., 311 So.2d 730 (Fla. 4th DCA 1975). The complaint seeks to impose a constructive trust on decedent's condominium. This real property is located in Broward County. The venue statute clearly permits plaintiff-appellee to select that county for venue purposes. Appellant has therefore failed to show either that venue will not lie in Broward County or that venue should be changed for some good reason. Florida Forms, Inc., supra.
Accordingly, we affirm.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.