385 So.2d 10 (1980)
AETNA CASUALTY & SURETY CO. and Morton Insurance Agency, Inc., Appellants,
v.
John MEYER, Appellee.
John MEYER, Appellant,
v.
AETNA CASUALTY & SURETY CO. and Morton Insurance Agency, Inc., Appellees.
Nos. 80-596, 80-662.
District Court of Appeal of Florida, Third District.
July 1, 1980.
Walton & Garrick and Edward L. Walton, Miami, for Meyer.
*11 Edward C. Vining, Jr. and Richard A. Burt, Miami, Ress, Gomez, Rosenberg & Howland and David R. Howland, North Miami, for Aetna Cas. & Sur. Co. and Morton Ins. Agency, Inc.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
The order in Case No. 80-596 granting John Meyer's motion for summary judgment and determining that he is entitled to recover damages from Aetna Casualty & Surety Co. is affirmed. Meyer's interlocutory appeal in Case No. 80-662 from the trial court's order which (a) denied Meyer's motion for summary judgment against Morton Insurance Agency, Inc. and (b) granted Morton's motion for summary judgment against Meyer is dismissed. An order denying or granting a motion for summary judgment is not an appealable final order. Donnell v. Industrial Fire & Casualty Company, 378 So.2d 1344 (Fla.3d DCA 1980); Kessler v. Gumenick, 358 So.2d 1167 (Fla.3d DCA 1978); Shupack v. Allstate Insurance Company, 356 So.2d 1298 (Fla.3d DCA 1978). Moreover, since the order granting Morton's motion for summary judgment did not determine an issue of liability in favor of the party seeking affirmative relief (Meyer), it is not an appealable non-final order. Fla.R.App.P. 9.130(a) (3). Shupack v. Allstate Insurance Company, supra. See York Insurance Company v. Becker, 364 So.2d 858 (Fla.2d DCA 1978).