386 So.2d 315 (1980)
FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant,
v.
Patricia SCOTT and Expeditions Unlimited, Inc., Appellee.
No. TT-224.
District Court of Appeal of Florida, First District.
August 4, 1980.
Ronald D. Poltorack, Fort Lauderdale, for appellant.
Ronald Payne, Fort Lauderdale, for appellee.

ON MOTION TO DISMISS APPEAL
PER CURIAM.
This is an appeal from a non-final order of the deputy commissioner finding that the insurance policy issued by appellant was in full force and effect on June 2, 1978, the date of the alleged accident affording workers' compensation to the claimant, appellee Scott. No other outstanding issues were determined by the order, nor were any benefits awarded.
*316 By motion to dismiss the appeal, appellee Scott argues that this court has no jurisdiction, under statute or appellate rule, to review the subject interlocutory order. For the reasons set forth below, we disagree.
While appellate procedure in workers' compensation cases is ordinarily governed by the Workers' Compensation Rules of Procedure, these rules provide little guidance regarding which interlocutory orders of the deputy commissioners, if any, are appealable to this court. However, Florida Rule of Appellate Procedure 9.030(b)(1)(B) provides that the several District Courts of Appeal have appeal jurisdiction to review "non-final orders of lower tribunals as prescribed by Rule 9.130(a)(3)." We believe that hearings before the deputy commissioners are "lower tribunals within the contemplation of Rule 9.030(b)(1)(B). Therefore, we hold that appeals from interlocutory orders in workers' compensation are governed by the provisions of Florida Rule of Appellate Procedure 9.130(a)(3).
Turning to the case at hand, we find that the subject order, which determines the issue of insurance coverage in favor of appellee Scott (the party seeking affirmative relief) is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). See, York Insurance Co. v. Becker, 364 So.2d 858 (Fla.2d DCA 1978); State Farm Automobile Insurance Co. V. Kraver, 364 So.2d 1259 (Fla.3d DCA 1978). But cf. Cosmopolitan Mutual Ins. Co. v. Lozano, IRC Order 2-3688 (Feb. 7, 1979), dismissing (as interlocutory and not appealable under the W.C.R.P.) an appeal from an order on compensability without award of benefits, cert. denied, 379 So.2d 204 (Fla. 1979); and Famous Market Place v. Meier, IRC Order 2-3875 (Aug. 1, 1979). In so ruling, we express no opinion as to the merits of the appeal.
Accordingly, appellee Scott's Motion to Dismiss Appeal is hereby denied.
ROBERT P. SMITH, Jr., ERVIN and WENTWORTH, JJ., concur.