WENTWORTH, Judge.
Employer/carrier appeals a workers’ compensation order appointing a physician for a routine examination and evaluation of the claimant under circumstances indicating that is not the sole point in controversy between the parties. We conclude that such an order disposes of incidental aspects rather than an “essential element” of the claim. See Patrylo v. Nautilus Hotel, 142 So.2d 279 (Fla.1962). The order appealed is therefore interlocutory in nature under standards previously applicable. Dade County School Board v. Hill, IRC Order 2-3414 (April 26, 1978), cert. dismissed, 366 So.2d 880 (Fla.1978); Peters v. General Telephone Co., IRC Order 2-3153 (May 16, 1977); Lehman v. Goodwin, 7 FCR 55 (1972).
Appeals from interlocutory orders in workers’ compensation cases are governed by the provisions of Fla.R.App.P. 9.130(a)(3). Fidelity & Casualty Co. of New York v. Scott, 386 So.2d 315 (Fla. 1st DCA 1980). Rule 9.130(a)(3) contains no provision which would authorize review of the order appealed in the present case; the order is thus not reviewable except in connection with an appeal from a final order disposing of the claim.
The appeal is dismissed without prejudice to appellant’s right to raise the issue upon review of a final order.
ERVIN and SHAW, JJ., concur.