DOWNEY, Judge.
Plaintiffs filed suit in the Seventeenth Judicial Circuit to domesticate a New Jersey final decree of divorce that required defendant to pay alimony and child support. The complaint also sought a writ of Ne Exeat. Defendant’s motion to dismiss the complaint was denied and the court deferred action on the Ne Exeat request. Thereupon defendant filed this appeal, ostensibly pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Plaintiffs have not favored us with a brief.
In his brief defendant states:
“Plaintiffs have filed a Complaint to establish a Foreign Decree as a Florida Judgment alleging that pursuant to a New Jersey Divorce Decree entered on May 3, 1976, they are entitled to immediate monetary relief, to wit: alimony and/or support arrearages.
“The substantive issues of support of alimony were ones in which the obligations of the Defendant had already been set forth by the New Jersey Trial Court as aforesaid.
“The prior adjudication of Defendant’s obligations by the New Jersey Court is tantamount to a ruling of liability in a non-domestic case, since Defendant’s obligations for support and/or alimony are not being re-litigated. Therefor (sic), this Appeal is brought pursuant to 9.130(a)(3)(C)(IV) of the Florida Rules of Appellate Procedure.”
We disagree with defendant’s characterization of the order in question (which simply denied the motion to dismiss) as determining the issue of liability in favor of the Plaintiffs. There are a variety of defenses that a defendant may direct to a complaint to domesticate and enforce a foreign judgment or decree, such as payment, the statute of limitations, a collateral attack on jurisdiction, to name a few.
We also are unable to concur with defendant’s contention that
“due to the summary nature of a Complaint to establish a Foreign Decree, the Trial Court’s denial of Defendant’s Motion to Dismiss — especially with regards *860 to support and/or alimony arrearages-— was a ruling that foreclosed Defendant’s substantive defenses and thus determined Plaintiff’s right to immediate monetary relief. Therefor (sic) this appeal is also brought pursuant to 9.130(a)(3)(C)(III).”
Once again we suggest that whatever substantive defenses defendant has may be asserted in an answer to the complaint.
Accordingly, this appeal is dismissed for lack of jurisdiction.
ANSTEAD and WALDEN, JJ., concur.