444 So.2d 1012 (1984)
Maxwell DAUER and Reva B. Dauer, Appellants,
v.
Leonard FREED, Appellee.
Leonard FREED, Appellant,
v.
Roger DAUER and Edward Dauer, Appellees.
Nos. 82-2090, 82-2091 and 82-2305.
District Court of Appeal of Florida, Third District.
January 17, 1984.
Rehearing Denied February 24, 1984.
*1013 Holland & Knight and Julian Clarkson, Tallahassee, Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff and Albert G. Caruana, Greene & Cooper and Robyn Greene, Miami, for the Dauers.
Bailey & Dawes and Sara Soto, Daniels & Hicks and Sam Daniels, Miami, Sibley, Giblin, Levenson & Glaser, Miami Beach, for Freed.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.

ON MOTIONS TO DISMISS
PER CURIAM.
Case Nos. 82-2090 and 82-2091, consolidated here, are appeals from two interlocutory orders entered by the trial court after a four-and-one-half month bifurcated jury trial on the liability issues only in a multifaceted action arising from a business dispute between the parties. Freed, the plaintiff/appellee, has moved to dismiss these appeals on the ground that this court has no jurisdiction to review these interlocutory orders under Article V, Section 4(b)(1) of the Florida Constitution and Florida Rule of Appellate Procedure 9.130(a). We agree with Freed's contention and dismiss these appeals on the ground urged by him.
Case No. 82-2305 is an appeal and cross-appeal from a judgment entered in this same cause, after a non-jury trial, in favor of two defendants on all claims brought against them. Freed, in this case the plaintiff/appellant, has moved to dismiss the defendants' cross-appeal on the ground that they are not aggrieved by this judgment. We agree as to the defendants Maxwell Dauer, Reva B. Dauer and the corporate defendants herein and dismiss the cross-appeal taken by these defendants; we disagree as to the defendants Edward Dauer and Roger Dauer and deny the motion to dismiss the cross-appeal as to these defendants.
The relevant facts are undisputed. On November 21, 1978, the plaintiff Leonard Freed filed an amended complaint below against the defendants Maxwell Dauer, Reva B. Dauer, Edward Dauer, Roger Dauer and three corporate entities. The complaint pled causes of action sounding in breach of contract, fraud, breach of fiduciary duty, civil conspiracy, constructive trust and unjust enrichment. The defendants filed answers denying liability and setting up certain affirmative defenses. Because of the extreme complexity of the factual issues in this case, the trial court entered an order bifurcating the liability issues in the case for a separate trial, with the damage issues reserved for a second trial if necessary.
In February 1982, after a prior abortive mistrial, the case proceeded to jury trial on the liability issues of all claims, except for the equitable claims of constructive trust and unjust enrichment, which were tried simultaneously (as to liability) to the court. At the close of all the evidence after four and one-half months of testimony, the trial court submitted to the jury the liability issues on the claims of breach of contract, fraud, and breach of fiduciary duty against the defendant Maxwell Dauer and the liability issues on the claim of civil conspiracy *1014 against the defendants Maxwell Dauer and Reva B. Dauer. The trial court directed a verdict in favor of the defendants Roger Dauer and Edward Dauer on the civil conspiracy claim; all other legal claims were apparently dismissed against the defendants Roger Dauer and Edward Dauer, as such claims were not submitted to the jury. On June 21, 1982, the jury returned an extensive special interrogatory verdict finding for the plaintiff Freed on the liability issues as to all claims submitted to it. The equitable claims of constructive trust and unjust enrichment against all defendants, as to liability, were apparently taken under advisement by the trial court at the close of all the evidence.
On June 29, 1982, the defendants Maxwell Dauer and Reva B. Dauer filed a motion to vacate the jury verdicts and to enter judgment for the defendants in accord with their prior motions for directed verdict or, in the alternative, to order a new trial. On July 1, 1982, all defendants in the cause filed a motion to enter a final judgment in favor of all defendants or, in the alternative, a final order of involuntary dismissal with respect to the equitable claims of constructive trust and unjust enrichment. On September 7, 1982, the trial court, after a full hearing, entered an order which (1) denied the defense motion to vacate the jury verdicts and to enter a judgment for the defendants in accord with the prior defense motions for directed verdict or, in the alternative, to order a new trial; (2) granted the motion for final judgment in favor of the defendants Edward Dauer and Roger Dauer as to the equitable claims of constructive trust and unjust enrichment; (3) granted the motion for final judgment or involuntary dismissal on the unjust enrichment claim and denied the same motion on the constructive trust claim, as to the remaining defendants. On September 22, 1982, the trial court entered a final judgment in the cause in favor of the defendants Edward Dauer and Roger Dauer on all claims in the lawsuit, legal and equitable, in accord with the above order and the court's prior order directing a verdict at trial for these defendants.
On September 17, 1982, the defendants Maxwell Dauer and Reva B. Dauer filed a motion requesting the trial court to enter an order determining liability in accord with the prior special interrogatory jury verdict for the stated purpose of allowing the defendants Maxwell Dauer and Reva B. Dauer to take an interlocutory appeal to this court from a non-final order which "determines the issue of liability in favor of a party seeking affirmative relief" under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). On September 29, 1982, the trial court, after a full hearing, entered an order which, in effect, grants the above defense motion and states as follows:
"THIS CAUSE was heard by a jury which returned a verdict finding Defendants MAXWELL DAUER and REVA DAUER liable for compensatory damages.
"After verdict, Defendants filed a motion to vacate verdicts; to enter judgment for Defendants and for new trial. The Court heard argument of counsel and is otherwise fully advised in the premises. It is hereby
"ORDERED AND ADJUDGED as follows:
"1. Defendants' motion to enter order determining liability is granted.
"2. The court adopts the jury's verdict. Pursuant to the jury's verdict and the order denying post-trial motions dated September 7, 1982, Defendants MAXWELL DAUER and REVA DAUER are determined to be liable for compensatory damages to Plaintiff LEONARD FREED."
The defendants Maxwell Dauer and Reva B. Dauer filed timely notices of appeal below seeking review of the September 7, 1982 (DCA Case No. 82-2090) and September 29, 1982 (DCA Case No. 82-2091) non-final orders. The plaintiff Leonard Freed filed a timely notice of appeal below seeking review of the September 22, 1983, final judgment in favor of the defendants Edward Dauer and Roger Dauer (DCA Case No. 82-2305). All defendants in this cause, *1015 including the corporate defendants, filed a notice of cross-appeal seeking review of the same final judgment.
We turn first to a consideration of the motion to dismiss the appeal taken by the defendants Maxwell Dauer and Reva B. Dauer in Case No. 82-2090 from the interlocutory order of the trial court denying defense motions for a directed verdict or new trial (the September 7, 1982, order). It is apodictic that such order does not determine the issue of liability in favor of Freed (the party seeking affirmative relief) and is not appealable under Florida Rule of Appellate Procedure 9.130(a). Cf. Seigle v. Barry, 422 So.2d 63 (Fla. 4th DCA 1982) (order denying defendant's motion to dismiss not appealable); Lliteras v. Lliteras, 413 So.2d 859 (Fla. 4th DCA 1982) (same); Habelow v. Travelers Insurance Co., 389 So.2d 218 (Fla. 5th DCA 1980) (same); Peavy v. Parrish, 385 So.2d 1034 (Fla. 4th DCA 1980) (same); Vanco Construction, Inc. v. Nucor Corporation, 378 So.2d 116 (Fla. 5th DCA 1980) (order denying defendant's motion for summary judgment not appealable); State Farm Mutual Automobile Insurance Company v. Morris, 370 So.2d 828 (Fla. 1st DCA 1979) (same).
We next consider Freed's motion to dismiss the appeal taken by the defendants Maxwell Dauer and Reva B. Dauer in Case No. 82-2091 from the interlocutory order of the trial court determining liability in accord with the prior jury verdict (the September 29, 1982, order). The order in question, although purporting to be an order determining liability in favor of the party seeking affirmative relief is, in fact, even as the order of September 7, 1982, nothing more than an order which, in another form, again denies the defendants' motion for new trial and motion to enter judgment for the defendant in accordance with a prior motion for a directed verdict. Orders which deny a defendant's motion for new trial and motion for judgment notwithstanding the verdict, which, as we have said, are not appealable, are not made appealable simply because the trial court, as here, explicitly adopts and lets stand the jury verdict,[1] a ruling which is always and necessarily implicit in the very denial of the motions. Thus, since an adverse jury verdict is itself not appealable, Ballard v. Hopkins, 142 So.2d 738 (Fla. 2d DCA 1962), the right to appeal an order the effect of which is to leave the verdict undisturbed must await the entry of a final judgment entered pursuant to the verdict.
Finally, turning to Case No. 82-2305, we consider Freed's motion to dismiss the cross-appeal taken by all defendants from the final judgment entered in favor of the defendants Edward Dauer and Roger Dauer on all claims filed against said defendants. We have no difficulty in concluding that a cross-appeal by the appellees Edward Dauer and Roger Dauer lies as to *1016 the final judgment appealed by the plaintiff Freed herein, even though that judgment is wholly in favor of these appellees. Once Freed invoked our appellate jurisdiction by appealing from a final judgment entered against him and in favor of Edward Dauer and Roger Dauer, their cross-appeal became plainly authorized by Florida Rule of Appellate Procedure 9.110(g). See State v. Williams, 444 So.2d 434 (Fla. 3d DCA 1983). In such cross-appeal, these appellees may assert as error any adverse interlocutory orders which preceded the entry of the said final judgment. Fla.R.App.P. 9.110(h). The motion to dismiss the cross-appeal as to the appellees Edward Dauer and Roger Dauer must therefore be denied.
No other party, however, is privileged to file a cross-appeal in this cause other than the above appellees because no other party is an appellee on this particular appeal. The final judgment being appealed ended the litigation below between the plaintiff Freed and the defendants Edward Dauer and Roger Dauer, but the litigation between the plaintiff Freed and the defendants Maxwell Dauer, Reva B. Dauer and the three corporate defendants remains pending. Therefore, only those defendants, Edward Dauer and Roger Dauer, who are parties to that portion of the lawsuit which has been brought to an end by the final judgment being appealed are appellees herein. The defendants Maxwell Dauer, Reva B. Dauer and the three corporate defendants are not parties to that portion of the lawsuit which has been brought to an end by the final judgment under review and accordingly are not appellees upon this appeal. The motion to dismiss the cross-appeal as to the defendants Maxwell Dauer, Reva B. Dauer and the three corporate defendants must therefore be granted as they are not proper appellees in this appeal.
In summary, the motions to dismiss the appeal from the interlocutory order denying a post (liability) trial motion for directed verdict or new trial (Case No. 82-2090) and the interlocutory order determining liability in accord with the prior jury verdict herein (Case No. 82-2091) are granted for lack of jurisdiction to entertain said appeal, and said appeals are hereby dismissed. The motion to dismiss the cross-appeal filed from the final judgment appealed by the plaintiff Freed (which judgment ends the lawsuit below between the said plaintiff and the defendants Edward Dauer and Roger Dauer but not the other defendants) (Case No. 82-2305) is granted as to the defendants Maxwell Dauer, Reva B. Dauer and the three corporate defendants herein because said defendants are not proper appellees in this appeal. The said motion is denied, however, as to the proper appellees herein, Edward Dauer and Roger Dauer.
It is so ordered.
HUBBART, Judge (concurring).
I concur entirely with the results reached by the court on the motions to dismiss filed herein, but find the legal reasoning process employed to justify these results somewhat incomplete. Because of the importance of the issues raised by these motions to the law of this state, I write separately to spell out in more detail why this court has no jurisdiction to entertain the interlocutory appeals taken herein, and why the cross-appeal filed herein is proper in part, and improper in part, under the Florida Rules of Appellate Procedure.

I
Turning to the interlocutory appeals filed in this case, we deal here with appeals taken from two non-final orders entered below. The first is an order which denies defense motions for a directed verdict or new trial on the issue of liability, after a jury verdict for the plaintiff on liability had been returned, concluding the first phase of a bifurcated trial below [the September 7, 1982 order]. The second is an order which "determines" liability in favor of the plaintiff on liability in accord with the aforesaid, previously entered jury verdict [the September 29, 1982 order]. It is urged that these interlocutory orders are appealable under Fla.R.App.P. 9.130(a)(3)(C)(iv) in that they "determine the issue of liability *1017 in favor of the party seeking affirmative relief." We are therefore presented with the issue of whether these orders fall within the purview of this aforesaid rule and are therefore appealable. By today's decision, the court concludes, and I agree, that these orders are not properly appealable under Fla.R.App.P. 9.130(a)(3)(C)(iv).
Article V, Section 4(b)(1), of the Florida Constitution authorizes the Florida Supreme Court to adopt rules which may invest a district court of appeal with jurisdiction to review stated interlocutory orders of trial courts. This constitutional provision states in relevant part:
"District courts of appeal ... may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court."
Art. V, Sec. 4(b)(1), Fla. Const.
The Florida Supreme Court, in turn, has implemented the above constitutional provision by adopting Fla.R.App.P. 9.130(a), which provides for the review of a number of interlocutory trial orders. The underlying purpose behind this rule is to provide immediate appellate review for those interlocutory orders which are deemed to be "the most urgent interlocutory orders." Committee note, para. 2, Fla.R.App.P. 9.130(a) (1977 Rev.). To minimize the interruption of trial court proceedings caused by such interlocutory appeals, an expedited method of review is provided for by the rule which substitutes an appendix in lieu of a record, Fla.R.App.P. 9.130(d), (e), 9.220, and requires the appellant's brief to be filed within fifteen (15) days of the filing of the notice of appeal. Fla.R.App.P. 9.130(e). Plainly, appeals after a full trial with a full-blown trial record are not contemplated by any provision of the interlocutory appeal rule and none are provided for therein. Fla.R.App.P. 9.130(a).
One of the urgent interlocutory orders made appealable under this rule is an order which "determines the issue of liability in favor of a party seeking affirmative relief." Fla.R.App.P. 9.130(a)(3)(C)(iv). It is this provision of the interlocutory appeal rule which the appellants Maxwell Dauer and Reva B. Dauer contend supports their appeals herein. The underlying purpose behind this rule, as I see it, is to afford a party who is being sued a right to an immediate appeal from a court order which imposes liability upon him without a trial. It is felt, I think, that to deny such a defendant his constitutional right to a trial and impose liability upon him by court order is a serious and far-reaching judicial act which in all fairness should be made immediately appealable. Florida cases have, accordingly, held that under the above rule a defendant has the right to appeal an adverse summary judgment on liability which has been entered against him without a trial, Aetna Casualty & Surety Co. v. Meyer, 385 So.2d 10 (Fla. 3d DCA 1980); State Farm Mutual Automobile Insurance Co. v. Kraver, 364 So.2d 1259 (Fla. 3d DCA 1978); York Insurance Co. v. Becker, 364 So.2d 858 (Fla. 2d DCA 1978), or an order denying a defense motion to vacate a clerk's default which has been entered against him without a trial, Sunny South Aircraft Service, Inc. v. Inversiones, 1120 C.A., 417 So.2d 676 (Fla. 1982); Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982). No Florida court has ever held that an interlocutory order entered after a full trial, as here, is appealable under Fla.R. App.P. 9.130(a)(3)(C)(iv).
Turning to the instant case, it seems clear that the two interlocutory orders appealed from herein do not fall within the purview of Fla.R.App.P. 9.130(a)(3)(C)(iv) and are therefore non-appealable. The defendants plainly were accorded a full-blown jury trial on the issue of liability in this cause, and the orders under review do nothing more than incorporate and decline to set aside the jury verdict rendered in the cause. In my view, these are not the types of orders which fall within the underlying purpose and reach of the rule in question. Beyond that, we are informed that the trial transcript in this cause is over 18,000 pages long which will require that an extensive record be filed. A short appendix obviously cannot be filed in this cause nor is it practical to expect appellants to file a brief *1018 within fifteen (15) days after the filing of the notice of appeal. The case is therefore far too complex, I think, for the type of expedited appeal contemplated by the interlocutory appeal rule. Fla.R.App.P. 9.130(a). The orders under review are therefore not appealable under Fla.R. App.P. 9.130(a)(3)(C)(iv), and the consolidated appeal taken therefrom [DCA case nos. 82-2090, 82-2091] must be dismissed for lack of jurisdiction.

II
Turning to the cross-appeal filed in this case, we deal here with an appeal from a final judgment entered in favor of two defendants below, Edward Dauer and Roger Dauer. The plaintiff Freed has taken a proper appeal from this adverse final judgment. All of the defendants in the cause, including the defendants Edward Dauer and Roger Dauer, have subsequently filed a cross-appeal from that judgment. The plaintiff now moves to dismiss this cross-appeal on the asserted ground that an appellee may not cross-appeal from a final judgment which is entirely favorable to the appellee. By today's decision, the court, correctly I think, denies the motion to dismiss the cross-appeal as to the defendant/appellees Edward Dauer and Roger Dauer and grants the motion to dismiss the cross-appeal as to all the other defendant/appellees herein.
Fla.R.App.P. 9.110(g) provides that "[a]n appellee may cross appeal by serving a notice within 10 days of service of the appellant's notice or within the time prescribed in section (b) of this rule [30 days], whichever is later." The committee note to this rule states that "[p]rovision for cross appeal notices has been made to replace the cross assignments of error eliminated by these rules." Committee note, para. 8, Fla. R.App.P. 9.110(g) (1977 Rev.). We have held that "[t]he rule allowing for a cross-appeal contemplates an appeal from the same judgment from which the original appeal is taken." Webb General Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d 1058, 1059 (Fla. 3d DCA 1981). We are supported in this view by the form approved by the Florida Supreme Court for cross-appeals which identifies the final judgment, presumably under review by the main appeal, as the order to which a cross-appeal is addressed. Fla.R.App.P. 9.900(b).
Without question, a cross-appeal from a final judgment which is under review by a main appeal lies where the final judgment is not wholly favorable to the appellee. Webb General Contracting, Inc. v. PDM Hydrostorage, Inc., supra. Although the question is not free from doubt, I think this is not, as urged, the only situation wherein a cross-appeal may lie. If there are interlocutory orders which are adverse to an appellee entered in the cause prior to an otherwise entirely favorable final judgment, an appellee, I think, may file a notice of cross-appeal from such final judgment and raise in his cross-appellant's brief the alleged errors committed by the trial court in entering such adverse interlocutory orders. See Fla.R.App.P. 9.110(h). Indeed, this is precisely what the prior [abolished] cross-assignment of error practice amounted to, except that cross-assignments of error were employed instead of a notice of cross-appeal, Fla.R.App.P. 3.5(b) (1962); and, as previously noted, the present cross-appeal practice under Fla.R.App.P. 9.110(g) is designed to supplant the prior cross-assignment practice. Moreover, a contrary rule would mean that no cross-appeal would ever lie from a final judgment which was wholly favorable to the appellee, a result which would not be in accord with prior cross-assignment practice and, indeed, would drastically limit the scope of cross-appeals as compared to cross-assignments of error under the prior rules. In accord, then, with the purpose of the cross-appeal rule, an appellee may cross-appeal a final judgment which is wholly in his favor and later raise as error in his cross-appellant's brief any adverse interlocutory orders entered prior to the final judgment.
An "appellee" is the only party authorized to file a cross-appeal under Fla.R.App.P. 9.110(g). An "appellee" is defined as "every party in the proceeding in the lower *1019 tribunal other than an appellant." Fla.R. App.P. 9.020(f)(2). Where an appellant appeals a final judgment or final order, the "proceeding in the lower tribunal" is quite obviously the lawsuit filed below or portion thereof which the final judgment or final order has brought to an end. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla. 1974). If a final judgment or final order ends the entire lawsuit, then all parties to that lawsuit, other than an appellant, are appellees upon an appeal from the final judgment or final order. If, on the other hand, a final judgment or final order brings to an end the lawsuit between the plaintiff and some, but not all of the defendants below, see Hotel Roosevelt Co. v. City of Jacksonville, 192 So.2d 334 (Fla. 1st DCA 1966), all parties to that portion of the lawsuit which has been brought to an end, other than an appellant, are appellees upon an appeal from that type of final judgment or final order.
Turning to the instant case, it is clear, as the court properly concludes, that a cross-appeal by the defendants Edward Dauer and Roger Dauer lies under the law as to the final judgment appealed by the plaintiff Freed herein; the fact that this judgment is wholly in favor of these defendants cannot change this result. No one else, however, is privileged to file such a cross-appeal because, as the court properly points out, no other defendant is an appellee on this appeal.
For the above-stated reasons, then, I concur in the results reached by the court on the motions to dismiss filed herein.
NOTES
[1] The order does not direct a verdict for the plaintiff so as to be a determination by the court that as a matter of law the defendants are liable to the party seeking affirmative relief. We therefore need not and do not decide whether such an order entered in a bifurcated trial at the conclusion of the trial on liability would be appealable under Rule 9.130(a)(3)(C)(iv). Although it is abundantly clear that under the above rule a defendant has the right to appeal an adverse summary judgment on liability which has been entered against him without a trial, Aetna Casualty & Surety Co. v. Meyer, 385 So.2d 10 (Fla. 3d DCA 1980); State Farm Mutual Automobile Insurance Co. v. Kraver, 364 So.2d 1259 (Fla. 3d DCA 1978); York Insurance Co. v. Becker, 364 So.2d 858 (Fla. 2d DCA 1978), or an order denying a defense motion to vacate a clerk's default which has been entered against him without a trial, Sunny South Aircraft Service, Inc. v. Inversiones, 1120 C.A., 417 So.2d 676 (Fla. 1982); Silva v. Pedro Realty, Inc., 411 So.2d 872 (Fla. 1982); Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982), no Florida court has ever addressed the question whether an interlocutory order entered after a full trial on liability is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). While the plain language of the rule, permitting review of a non-final order which determined "the issue of liability in favor of a party seeking affirmative relief," would appear to allow such an appeal, a persuasive argument might be made that the expedited method of review provided for by the rule, see Fla.R.App.P. 9.130(d), (e) and 9.220, the extensiveness of the record after a full trial on liability, and other factors, militate against a construction of the rule which would permit an appeal from a directed verdict after trial.