ORDER DENYING MOTION TO DISMISS CROSS-APPEAL

KLEIN, J.
The trial court dismissed appellants’ complaint for lack of subject matter jurisdiction on August 27,1998. This appeal is from that order. Appellees subsequently filed a notice of cross-appeal directed to an earlier order rendered on June 25, 1998, denying their motion to dismiss for lack of personal jurisdiction. The notice of cross-appeal states that it “is precipitated” by appellants’ appeal of the final order of August 27.
Appellants have moved to dismiss the cross-appeal on the ground that the appellees can only cross-appeal the final order, not the earlier order, arguing that their failure to appeal from the earlier order precludes a cross-appeal at this time. The motion is not well taken.
As Judge Hubbart explained in his concurring opinion in Dauer v. Freed, 444 So.2d 1012 (Fla. 3d DCA 1984), an interlocutory order entered prior to an entirely favorable final judgment may be cross-appealed by the appellee. The order denying the motion to dismiss for lack of personal jurisdiction was such an interlocutory order, and the correctness of it may be raised on a cross-appeal from the final order. The notice of cross-appeal is technically from the final order, but appellees may assert error as to any adverse interlocutory order preceding the entry of the final order. Dauer, 444 So.2d at 1016.
Although appellees could have taken a non-final appeal from the order denying their motion to dismiss based on lack of personal jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), they also had the option of seeking review of that non-final order on appeal from the final order. Rule 9.130(g). Because the final order is entirely favorable to appellees, the cross-appeal, pursuant to rule 9.110(g), is the appropriate method for seeking review of the earlier order. The motion to dismiss is therefore denied.
WARNER and FARMER, JJ., concur.