G. W. GONZALEZ AND HARRIET N. SAUNDERS, *Executrix, Appellants,* v. O. H. SMITH, *Appellee.*

Opinion Filed July 1, 1913.

1. In a partnership accounting, the Articles allowing twenty-five dollars a month to two of the partners for three years from the "earnings" may be refused, when the context indicates net earnings and profits, and the venture does not pay operating expenses.

2. While the managing owner of a boat is not entitled to a salary. in the absence of a contract, a small allowance in the nature of an office expense, may be authorized by the uniform dealings of the partners, when such owner has rendered frequent statements with the item unchallenged.

Appealed from Circuit Court of Escambia County; J. Emmet Wolfe, Judge.

Decree affirmed.

*Blount & Blount & Carter,* for Appellants;

*E. C. Maxwell,* for Appellee.

COCKRELL, J.—This is an appeal from a decree in a partnership accounting, allowing a certain claim of O. H. Smith, the managing owner of a steamship and refusing an item claimed by G. N. Gonzales.

It appears that E. E. Saunders, now deceased, one of the three partners was the managing owner, much dissatisfaction existed, especially upon the part of G. W. Gonzalez, who with difficulty prevailed upon Smith to assume the burden. An agreement under the seals of all three partners was then executed, whereby in the nature of a compromise settlement with the retiring managing owner Saunders, it was stipulated that Gonzalez and Smith were each to receive from the earnings of the steamboat twenty-five dollars per month for three years, and that then "the net profits from earnings of said steamboat outside of the amounts above mentioned" should be equally divided among the three partners, and Saunders assumed personally certain liabilities against the boat.

The venture proved a failure, resulting in continual losses, until the boat was by mutual consent of all parties sold.

The court allowed Smith twenty-five dollars a month, in the nature of an operating office expense and refused to allow Gonzalez twenty-five dollars a month claimed by him under the articles of agreement.

We do not see exactly how Saunders' representative should be heard to complain that Gonzalez was not allowed his claim, and if he be allowed it under the agreement, certainly Smith stands equally under the contract with Gonzalez. The instrument is not happily worded,

but we cannot say that the master and judge both erred in the concurrent construction that the word "earnings" of the boat interpreted in the light of the immediately following paragraph, meant "profits," and that in the entire absence of "profits" there should be no allowance to the owners.

It is conceded that a managing owner of a boat is not in the absence of an agreement to that effect, entitled to a salary as such. The allowance here is however more in the nature of an operating expense, being largely consumed in the incidental office expense of book-keeping and the like; an allowance that had been uniformly recognized by these partners during the previous changes in the management, and tacitly recognized in Smith, after he assumed control, in that frequent statements to the other partners were from time to time rendered, showing this item charged, and without objection.

Upon the whole record we are unable to see sufficient error to justify a reversal, and the decree is accordingly affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.