SMITH, Judge.
This is an appeal from an order of the trial judge directing the jury to return a verdict in favor of the defendant in a negligence action.
Although the parties to this appeal have not raised the question, an examination of the record discloses a question of this Court’s jurisdiction. The notice of appeal filed in this cause on July 31, 1961, was as follows:
“ * * * [T]o review the final judgment in favor of the defendant, Wilson W. Hopkins, Jr., rendered by the Circuit Court for Sarasota County, Florida, bearing date the 1st day of June, 1961, entered in the above styled cause and filed and recorded on the 1st day of June, 1961, * * * .”
Despite the above-quoted language of the notice of appeal, the record discloses that the only thing entered in this cause on June 1, 1961, was the jury verdict. However, there was filed in this Court, on January 26, 1962, a “certified copy of Judgment,” which *739 is entitled “Final Judgment” and entered on January 12, 1962, “nunc pro tunc.” “Final Judgment” was “filed and recorded” in the office of the Clerk of the Circuit Court on January 12, 1962.
Florida Appellate Rule 3.2 (b), 31 F.S.A., Commencement of Proceedings, reads as follows:
“b. Time. Appeals from final decisions, orders, judgments or decrees shall he commenced within 60 days from the rendition of the final decision, order, judgment or decree appealed from, unless some other period of time for taking an appeal is specifically provided by statute or these rules.” (Emphasis supplied)
Florida Appellate Rule 1.3, Definitions, defines “Rendition” as follows:
“ ‘Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. * * * ”
In the instant case, this appeal was taken from the jury verdict, which is not a final judgment, and thus will not support an appeal. Although this particular situation has not been before the courts of this state, similar situations have arisen. An order granting a motion to dismiss and motion to strike complaint in a negligence action was not a final judgment from which an appeal could be taken. Baker v. Colley, Fla.App.1958, 104 So.2d 473; Weinmann v. Ligon, Fla.App.1958, 105 So.2d 204. An order granting defendant’s motion for directed verdict is not a final judgment from which an appeal would lie. Schutzer v. City of Miami, Fla.App.1958, 99 So.2d 729. An order granting a motion for summary judgment is not a final judgment from which an appeal may be taken. Chastain v. Embry, Fla.App.1960, 118 So.2d 33; Stone v. Buckley, Fla.App.1960, 119 So.2d 298.
The fact that the lower court entered a “nunc pro tunc” final judgment cannot give validity or invalidity to notice of appeal. In Stupp v. Cone Brothers Contracting Company, Fla.App.1961, 135 So.2d 457, cert. denied 142 So.2d 92, it was held that:
“We add that defendant, for purposes of computing the appeal period, cannot utilize the nunc pro tunc date fixed by the order of June 16, 1961. To do so would allow that order to work retroactively so as to completely obviate the running of an available appeal period insofar as the plaintiff is concerned. Adverting again to rule 1.3 Florida. Appellate Rules, we note that it states explicitly the conditions under which an order is deemed to be effective for appellate procedural purposes, stating that it must be in writing, signed, and made a matter of record if required. The notice of appeal which forms the basis of the proceeding now before us was filed three days after entry of the order dated June 16, 1961, formally recording the denial of the motion for judgment made by defendant. This notice of appeal seeks review of the final judgment entered in favor of defendant and sought to be set aside by the plaintiff on her motion for judgment n. o. v. Denial of the motion for judgment became effective only when that order had been formally entered by the trial judge.”
This Court does not have jurisdiction of a cause coming here on a notice of appeal from a jury verdict, nor from a final judgment which was rendered subsequent to the date of the filing of the notice of appeal.
The appeal is dismissed ex mero motu.
SHANNON, C. J., and McMULLEN, NEIL C., Associate Judge, concur.