489 So.2d 876 (1986)
WEST AMERICAN INSURANCE COMPANY, Appellant,
v.
Luann NIXON, Mary Lou Powell, John T. Morris and Joy Morris, As Parents and Natural Guardians of Stephanie Nicole Morris, a Minor, and John T. Morris and Joy Morris, Individually, Appellees.
No. 4-86-0203.
District Court of Appeal of Florida, Fourth District.
June 11, 1986.
Alton G. Pitts and Richard D. Roggenkamp, of Pitts, Eubanks, Hannah, Hilyard and Marsee, P.A., Orlando, for appellant.
Edward M. Ricci of Ricci & Roberts, P.A., West Palm Beach, for appellees Nixon and Powell.
*877 William E. Pruitt and William H. Pruitt, of Pruitt & Pruitt, P.A., West Palm Beach, for appellees Morris.
HERSEY, Chief Judge.
Appellant, insurer, seeks review of a non-final order holding that a duty to defend appellees, insureds under a homeowner's policy, had been breached when the insurer denied coverage and did not provide a defense in a negligence action previously concluded and in which a substantial judgment was entered against the insureds. The present order takes the form of a partial summary judgment entered on one count of a six-count counterclaim interposed by the appellees, insureds, in an action for declaratory relief commenced by appellant.
We conclude that the order is appealable under rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure, as one determining an issue of liability in favor of parties seeking affirmative relief, semble, Allstate Insurance Co. v. Arvida Corp., 421 So.2d 741 (Fla. 4th DCA 1982) (to be distinguished from cases where the issue is coverage rather than duty to defend, e.g., Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla. 1984)). We nonetheless hold that since the order deals with the same transaction and parties as are involved in undisposed-of-counts II through VI of the counterclaim, the appeal, being in the nature of a piecemeal appeal cautioned against in Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974), should not be presently entertained. See Gause v. First Bank of Marianna, 442 So.2d 1062 (Fla. 1st DCA 1983); Gibbs v. Reliance Insurance Co., 399 So.2d 1108 (Fla. 5th DCA 1981). We therefore dismiss the appeal, without prejudice, as being premature.
APPEAL DISMISSED.
DOWNEY and DELL, JJ., concur.