ON MOTION FOR REHEARING EN BANC AND FOR CERTIFICATION

PER CURIAM.
In an appeal from a jury’s determination of Dade County’s liability to plaintiffs in consolidated wrongful death and personal injury actions, appellees move to dismiss the appeal on the ground that this court has no jurisdiction to review this determination under article V, section 4(b)(1) of the Florida Constitution and Florida Rule of Appellate Procedure 9.130(a). We agree and dismiss the appeal; however, upon appellant’s motion for rehearing en banc and for certification, we deny the motion for rehearing but certify the question presented as one of great public importance.
Plaintiffs’ claims were based on an accident between a church van, with more than 20 passengers, and a taxicab at an intersection where traffic signals allegedly were malfunctioning. The trial court granted the county’s motion for separate trials on liability and damages. In the liability trial, the jury returned a verdict in favor of plaintiffs and against all but one defendant. Dauer v. Freed, 444 So.2d 1012 (Fla. 3d DCA 1984) rests on the premise that an adverse jury verdict is itself not appealable. See Ballard v. Hopkins, 142 So.2d 738 (Fla. 2d DCA 1962). Nonetheless, defendant argues that such a verdict does determine the issue of liability pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Based on Dauer and Ballard, we dismiss the appeal; however, recognizing this action passes upon a question of great public importance, we certify the following:
Does appellate jurisdiction under Rule 9.130(a)(3)(C)(iv) authorize review of a *278 jury verdict determining liability m favor of a claimant seeking affirmative relief?