BARKDULL, Judge.
Carolyn Hill, individually and as next friend, filed suit on behalf of Antonio Andrews against the City of Opa Locka. The amended complaint alleged that Stacey Hill, the karate instructor employed by the city, while acting within the course and scope of his employment with the city, discharged his handgun towards an assailant and the bullet struck Antonio Andrews.[1] The four count amended complaint alleged: 1) that the city was responsible for Hill’s negligence based on the Doctrine of Re-spondeat Superior; 2) the city was directly negligent; 3) the city negligently hired and retained its employee, Hill; and 4) the city is liable for a claim for loss of filial consortium. The city denied the allegations in the complaint pertaining to negligence and that in fact, Hill was acting within the course and scope of his employment at the time of the incident.
Plaintiff/appellee filed a motion for partial summary judgment as to the two counts predicated on respondeat superior based negligence and loss of filial consortium. After a hearing, the trial court entered on order granting partial summary judgment, finding that there was no genuine issue as to any material fact, and that Carolyn Hill, individually and as next friend of her son, Antonio Andrews, was granted a judgment on liability as a matter of law, on Counts I and IV of the Amended Complaint. This non-final appeal followed.
We dismiss the appeal upon the following authority. Textron Financial Corporation v. Alexander, 582 So.2d 178 (Fla. 3d DCA 1991); Kiser v. Jones, 488 So.2d 554 (Fla. 3d DCA 1986); Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974). We have not overlooked Paterno v. Fernandez, 569 So.2d 1349 (Fla. 3d DCA 1990); First Inter-Continent Insurance Syndicate, Inc. v. Walker, 578 So.2d 391 (Fla. 3d DCA 1991), but find that the jurisdictional question was not raised in Paterno v. Fernandez, supra, and note this court found jurisdiction not to be lacking when it was raised in First Inter-Continent Insurance Syndicate, Inc. v. Walker, supra.
Appeal dismissed.
LEVY, J., concurs.

. This opinion is not to be construed as indicating any finding that Hill’s action in discharging of the firearm was within the scope of his employment with the city. We leave the determination of this question to a later proceeding.