596 So.2d 458 (1992)
METROPOLITAN DADE COUNTY, Petitioner,
v.
Gregory GREEN, et al., Respondents.
No. 78091.
Supreme Court of Florida.
April 9, 1992.
Robert A. Ginsburg, Dade County Atty., and James J. Allen, Asst. County Atty., Miami, for petitioner.
Milton Kelner, Kelner and Kelner, Miami, for respondents.
PER CURIAM.
We have for review Metropolitan Dade County v. Green, 579 So.2d 277 (Fla. 3d DCA 1991), which certified the following question of great public importance:
Does appellate jurisdiction under Rule 9.130(a)(3)(C)(iv) authorize review of a jury verdict determining liability in favor of a claimant seeking affirmative relief?
Id. at 277-78. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The litigation below arose from a traffic accident involving a church bus that contained some twenty passengers, one of whom was killed. Various claims were consolidated into a single trial, and the trial court ordered bifurcated proceedings. The first proceeding would be a trial on liability alone, and the second would deal with damages. At the close of the first proceeding, the jury found defendants liable. Various motions to defeat the verdict were denied, and defendants appealed. The district court dismissed the appeal on grounds that the issues were not appealable until the question of damages was resolved. Green, 579 So.2d at 277.
Under the rules of procedure, interlocutory appeals can be taken from orders that "determine ... the issue of liability in favor of a party seeking affirmative relief." Fla.R.App.P. 9.130(a)(3)(C)(iv) (emphasis added). We thus need only ask whether an issue of liability was determined here. The general rule of construction is that words not expressly defined are given their plain and ordinary meaning. Tatzel v. State, 356 So.2d 787 (Fla. 1978). As previously recognized, the term "liability" means an obligation, whether or not it has ripened into a debt. Waters' Dictionary of Florida Law 389 (1991) (citing Brogan v. Ferguson, 101 Fla. 1306, 131 So. 171 (1930)). This obviously includes a jury determination of liability not yet reduced to a dollar sum. Accordingly, the jury's verdict here meets the plain language of the rule of procedure, because it has determined an issue of liability. Once a proper *459 motion to defeat that verdict has been made and denied, an appeal can be taken.
We are mindful of the contrary position espoused in Dauer v. Freed, 444 So.2d 1012, 1016-18 (Fla. 3d DCA 1984). There, the Third District concluded that the rule's language actually is referring only to orders entered without a jury trial. A concurrence in that opinion noted that the rule contemplates an expedited and more summary form of appellate review. Time limitations are shorter, and the full record below need not be submitted on appeal. Thus, interlocutory appeals should be confined to those matters that genuinely can be resolved expeditiously. Id. at 1016-19.
However, the rule itself applies to any determination of "liability," not merely those made without a jury trial. Moreover, the shorter time limitations for interlocutory appeals do not necessarily imply expedited review in every case. The appellate court has complete discretion to devote whatever resources are necessary to resolve the issues at hand once it obtains jurisdiction of the cause. Likewise, we find it difficult to believe that the parties in a complex case would not submit the full record; and even if they did not, the appellate court has jurisdiction to order up the record whenever necessary.
Nor do we see a countervailing argument resting on judicial economy. If interlocutory appeals of this type are not allowed, then judicial resources will be wasted in those cases in which the liability phase was flawed, since the proceeding on damages would be rendered pointless. If interlocutory appeals are allowed, however, then we risk encouraging two separate appeals arising from a single case. At worst, the disadvantages of these two methods balance each other out. Thus, we will enforce the plain language of the rule and allow the interlocutory appeal.
The opinion under review is quashed and Dauer is disapproved to the extent it conflicts with the views expressed above. We also disapprove Ballard v. Hopkins, 142 So.2d 738 (Fla. 2d DCA 1962), to the extent it may be construed as inconsistent with the views above.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.