COPE, Judge
(specially concurring).
I concur in the dismissal of the appeal by Baptist Hospital on authority of City of Opa Locka v. Hill, 590 So.2d 952 (Fla. 3d DCA 1991); Textron Financial Corp. v. Alexander, 582 So.2d 178 (Fla. 3d DCA 1991); and Kiser v. Jones, 488 So.2d 554 (Fla. 3d DCA 1986). The partial summary judgment determined that Baptist Hospital is vicariously liable for the acts of Dr. Menendez, but there is as yet no determination that Dr. Menendez was negligent.
The Hospital has seized on the statement in Metropolitan Dade County v. Green, 596 So.2d 458 (Fla.1992), that “We thus need only ask whether an issue of liability was determined here.” Id. The Hospital argues that “an” issue of liability was determined in the present case and thus the order is appeal-able.
The decision in Metropolitan Dade County v. Green must, however, be read in the context of the problem there presented. In that case there was a bifurcated trial. At the close of the first phase, the jury found the defendants liable to the plaintiffs. Determination of damages was to take place in the second phase of the bifurcated proceedings. In that context, the court said that an issue of liability had been determined, i.e., the defendants had been held liable to the plaintiffs.
If we were to accept the Hospital’s argument, the determination of any single element of a cause of action, such as breach of duty or proximate cause, would be a determination of “an issue of liability.” That reading is contrary to Metropolitan Dade County v. Green, as well as the wording of Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) (authorizing interlocutory appeal from orders that “determine ... the issue of liability in favor of a party seeking affirmative relief’). In the context of Metropolitan Dade County v. Green, the phraseology “an issue of liability” refers to the fact that a plaintiff may *994 assert multiple causes of action against the same defendant. If a partial summary judgment is entered finding the defendant liable to the plaintiff on one such claim, e.g., a claim for breach of contract, the order is appeal-able under the interlocutory appeal rule, notwithstanding that other claims may remain pending, e.g., a claim for negligence.
The interpretation the Hospital advocates would result in an unwarranted expansion of this part of the interlocutory appeal rule, contrary to the intent of the rule. “The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment.” Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla.1984).