655 So.2d 1281 (1995)
ALTAIR MAINTENANCE SERVICES, INC., Appellant,
v.
GBS EXCAVATING, INC., Appellee.
No. 94-3076.
District Court of Appeal of Florida, Fourth District.
June 7, 1995.
*1282 John J. Tyson, Dorry A. Bragg, Williams, McGuire & Bragg, Orlando, for appellant.
Robert P. Summers, McCarthy, Summers, Bobko, McKey & Bonan, P.A., Stuart, for appellee.
PARIENTE, Judge.
Appellant, Altair Maintenance Services, Inc. (defendant), seeks review of a non-final order granting summary judgment against it on one count of a multi-count complaint. Defendant invokes the appellate jurisdiction of this court pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) to review the order as a non-final, appealable order determining the issue of liability in favor of a party seeking affirmative relief.
Even if the non-final appeal is technically authorized pursuant to the above-cited rule, because the order deals with the same transaction and parties as are involved in the remaining, undisposed-of-counts, the appeal is premature under Mendez v. West Flagler Family Ass'n, Inc., 303 So.2d 1, 5 (Fla. 1974), which cautions against piecemeal appeals. Although Mendez considered an order that dismissed one count of a complaint, our court has applied the same test to orders granting partial summary judgments where other interrelated counts remained pending. See West American Insur. Co. v. Nixon, 489 So.2d 876, 877 (Fla. 4th DCA 1986). In Nixon, we held that even where a partial summary judgment meets the definition of an appealable, non-final order under rule 9.130(a)(3)(C)(iv), the appeal will be dismissed if the unresolved counts involve the same transaction and the same parties. Id.
Here, every count that seeks to impose liability against defendant arises from the same underlying set of factual allegations  the appellee (plaintiff) alleges that it performed services for and provided materials to defendant for which defendant refused to pay. While the civil theft count, which is the subject of the order granting the motion for partial summary judgment, requires proof of additional facts other than the breach of contract count, that in no way negates the interrelationship between the counts.
In Biasetti v. Palm Beach Blood Bank, 654 So.2d 237 (Fla. 4th DCA 1995), we reiterated that counts are interdependent, "[i]f the claims arise out of the same incident ... even if the counts involve separate and severable legal theories." Id. at 238. The test is whether the counts arise from a set of common facts or a single transaction, not whether different legal theories or additional facts are involved in the separate counts. See also Pellegrino v. Horwitz, 642 So.2d 124, 126 (Fla. 4th DCA 1994).
Defendant asserts that a finding of liability on one count will in effect put an end to the entire question of liability. This argument reinforces our view of the interdependency of the counts. This appeal is premature at the present time and will be until disposition of the remaining counts. Nixon, 489 So.2d at 877. Accordingly, this appeal is sua sponte dismissed without prejudice.
GLICKSTEIN and STONE, JJ., concur.