666 So.2d 970 (1996)
Gladys ARANGO, Appellant,
v.
Cesar CAINAS, Appellee.
No. 94-3051.
District Court of Appeal of Florida, Third District.
January 10, 1996.
*971 G. Luis Dominguez, Miami, for appellant.
Jose A. Villalobos, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and LEVY, JJ.
PER CURIAM.
This is an appeal from an order which awards attorney's fees for the defendant Cesar Cainas after granting the defendant's motion for summary judgment on the civil theft count of a multi-count complaint in which two other counts for conversion and bailment remain pending below, all of which counts arise out of the same transaction. We decline to pass on the merits of the summary judgment entered on the civil theft claim as this order has not and could not be appealed because it is neither an appealable final order, S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974); compare Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974), nor an appealable non-final order under Fla. R.App.P. 9.130(a). The plaintiff, Gladys Arango, may claim error and attack the propriety of the summary judgment on the civil theft count only upon a proper appeal from a final judgment or final order when entered at the conclusion of this case.
We conclude, however, that the attorney's fee order under review should be reversed because it was prematurely entered. Such an order should be entered only at the conclusion of the case below after all the counts of the complaint have been disposed of. See Magner v. Merrill Lynch Realty/MCK, Inc., 585 So.2d 1040, 1043 (Fla. 4th DCA 1991), rev. denied, 598 So.2d 77 (Fla. 1992); Division of Admin., State Dep't of Transp. v. Decker, 450 So.2d 1220, 1222 (Fla. 2d DCA 1984); Brinker v. Ludlow, 379 So.2d 999, 1001-02 (Fla. 3d DCA 1980), approved, 403 So.2d 969 (Fla. 1981).
The final order awarding attorney's fees is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.