676 So.2d 1031 (1996)
EL SEGUNDO ORIGINAL REY DE LA PIZZA CUBANA, INC., previously known as Original Rey Pizza, Inc., Original Rey De La Pizza Cubana, Corp., and Manuel Montes De Oca, Appellants,
v.
REY PIZZA CORP., Appellee.
No. 96-723.
District Court of Appeal of Florida, Third District.
June 26, 1996.
Rehearing Denied August 7, 1996.
*1032 Kuvin Lewis Restani & Stettin and R. Fred Lewis, Miami, for appellants.
Sanchelima & Assoc., P.A. and Jesus Sanchelima, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
FLETCHER, Judge.
Appellants, defendants below, appeal a partial summary judgment on liability entered in favor of the plaintiff/appellee on four counts of a six-count complaint alleging various causes of action for trademark infringement, business injury, and fraud in the obtaining of a trademark registration. The appellants cite rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure for jurisdiction. We grant the plaintiff/appellee's motion to dismiss the appeal.
Simply stated, even though the judgment determined liability in favor of the plaintiff on the four counts of the complaint involving trademark infringement, it is not an appealable non-final order because those counts are not independent and severable from the still-pending counts below. Although based on different legal theories, they are interrelated with and interdependent on the two counts that remain pending. This is the case as every count in the fourth amended complaint arises out of and depends on the same set of common facts involving a business dispute between identical parties. Altair Maintenance Servs. v. GBS Excavating, Inc., 655 So.2d 1281, 1282 (Fla. 4th DCA 1995). Therefore, defendants may properly obtain review of the partial summary judgment "only upon a proper appeal from a final judgment or final order when entered at the conclusion of the case." Arango v. Cainas, 666 So.2d 970, 971 (Fla. 3d DCA 1996); see also S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974); Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla.1974).
In light of our ruling on the motion to dismiss, the appellee's pending motion to strike portions of appellants' brief and appendix is rendered moot.
Appeal dismissed.