PER CURIAM.
This is an appeal and cross-appeal from a final judgment awarding damages in an action for the dissolution of a partnership and an accounting. Based upon our review of the record, we find no merit to the issues raised on the main appeal and summarily affirm the same. As for the cross-appeal, we do find that the trial court erred in permitting the appellant partners to recoup a total of $85,409.04 as salary for their active participation in the conduct of the partnership business from 1987 to 1992. It is a well established principle of partnership law that absent a specific agreement to the contrary, a partner may not receive separate remuneration for services performed for the partnership. Sections 620.645(6), 620.8401(8), Fla.Stat. (1995); Beckerman v. Greenbaum, 439 So.2d 233, 237 (Fla. 2d DCA 1983); Gonzalez v. Smith, 66 Fla. 85, 86, 62 So. 913, 914 (1913); Unif. Partnership Act § 401(h) (1994), 6 U.L.A. 52 (1995); Unif. Partnership Act § 18(f) (1914), 6 U.L.A. 526 (1995); 59A Am.Jur.2d Partnerships § 483 (1987 & Supp. 1996); 68 C.J.S. Partnerships § 94 (1950). Here, no evidence was introduced at the trial that the partners ever had any such agreement for appellants to receive a separate salary for their services. Hence, the $85,-409.04 should have been deemed partnership profits and it should have been distributed evenly between the appellants and appellees. We therefore reverse that portion of the judgment and remand with instructions to the trial court to enter judgment in favor of appellees for their 50% share of these profits, or $42,704.52.
Affirmed in part and reversed and remanded in part with instructions.