687 So.2d 1378 (1997)
MIAMI COLUMBUS, INC., et al., Appellants,
v.
Zahid A. RAMLAWI, et al., Appellees.
No. 95-1161.
District Court of Appeal of Florida, Third District.
February 26, 1997.
Herman, Roof, Borgognoni & Moore, Miami; Thomson, Muraro, Razook & Hart, Miami; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel S. Perwin, Miami and Gregory P. Borgognoni, Miami, for appellants.
*1379 Bailey & Jones, Miami; Russo & Talisman and Patrice Ann Talisman, Coconut Grove, for appellees.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.

CORRECTED OPINION
SCHWARTZ, Chief Judge.
The appellee Ramlawi[1] sued 21 defendants seeking an accounting of a Michigan partnership he had allegedly formed with, among others, the defendants Amin and Hassan Dahlawi, to operate several other named corporations,[2] through still another corporation, Zaminco, Inc., in which the three owned stock, and for damages on several counts of slander, conspiracy, and interference with the partnership against Daniel Lipsig, the Dahlawis' attorney, and Nasim Rahman, their alleged employee, and, essentially for breach of contract to pay agreed compensation for services, against the corporations themselves. The case went to a weeks-long jury trial, during which this court held that the jury could decide whether the partnership existed and when it had terminated, but that any accounting could be made only by the trial court post-verdict. Dahlawi v. Ramlawi, 644 So.2d 523 (Fla. 3d DCA 1994), review denied, 652 So.2d 817 (Fla.1995).
In answer to an elaborate series of special interrogatories the jury found (a) that the alleged partnership did indeed exist and had been terminated within the limitations period prior to suit; (b) that Lipsig and Rahman were each liable for $175,000 in compensatory and $4,000,000 in punitive damages for slander, and both, as to liability for conspiracy, and Lipsig for interference in amounts to be determined in the accounting; (c) that Amin and Hassan Dahlawi were each derivatively liable for compensatory damages for the slanders with Amin Dahlawi also individually assessed $175,000 and $2,000,000 in punitive damages; and (d) that several of the corporations were liable on the wage claims, again for specifically assessed amounts of compensatory damages. After a motion for a new trial was deniedwith the exception of reducing the punitive damage awards to three times the compensatory, § 768.73, Fla. Stat. (1995)but before the entry of money judgments, the defendants filed this appeal, purportedly from those aspects of the verdicts which determined their liability in the tort and contract claims. They claim appellate jurisdiction under Fla.R.App.P. 9.130(a)(3)(C)(iv) which permits review of interlocutory orders determining "liability in favor of a party seeking affirmative relief."
We dismiss the appeal without prejudice for lack of jurisdiction because, for a number of reasons, we conclude that the liability verdicts do not qualify as reviewable orders under rule.
1. On its face, the rulewhich should be strictly construed as an exception to the general principle that piecemeal appeals in pending litigation are undesirable, see Praet v. Martinez, 367 So.2d 657 (Fla. 3d DCA 1979)[3] applies only to orders which determine "the" rather than "an" issue of liability. See Yelner v. Ryder Truck Rental, 683 So.2d 655 (Fla. 4th DCA 1996); Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994). This is assuredly not true of the "orders" before us. In fact, the most significant issue presented in the case, the partnership claim, remains entirely open for determination against the Dahlawis. As the appellants admit, because, in theory at least, the ultimate result of the accountingwho will be entitled to what money from whom is now unknown, the jury finding merely that the partnership existed does not determine anyone's liability, and is therefore now unreviewable under the rule or otherwise. See De Shlesinger v. De Sleyzynger, 653 So.2d 1135 (Fla. 3d DCA 1995); Heritage *1380 Paper Co. v. Farah, 440 So.2d 389 (Fla. 1st DCA 1983); Morton v. City of Miami Beach, 376 So.2d 279 (Fla. 3d DCA 1979).
Moreover, these issues are closely intertwined with the verdicts the appellants claim are now properly before us. For example, the jury found that Lipsig and Rahman conspired to interfere and did interfere with the partnership, the existence of which we may not directly consider. The claims for wages are also related to the partnership and accounting issue because Ramlawi has made the perhaps inconsistent claim that his contributions to the partnershipwhich are an indispensable element of such a relationship, see 8A Fla.Jur.2d Business Relationships §§ 602-603 (1996)were the very services for which he was compensated by the jury verdicts. We have recently held, however, that "absent a specific agreement to the contrary, a partner may not receive separate remuneration for services performed for the partnership" and that the value of the work should instead be considered in the accounting. Tellez v. Callejas, 683 So.2d 175, 176 (Fla. 3d DCA 1996), and cases cited.
Under all these circumstances, the holding in El Segundo Original Rey de la Pizza Cubana, Inc. v. Rey Pizza Corp., 676 So.2d 1031, 1032 (Fla. 3d DCA 1996) is directly controlling:
[E]ven [if] the judgment determined liability in favor of the plaintiff on the four counts of the complaint involving trademark infringement, it is not an appealable non-final order because those counts are not independent and severable from the still-pending counts below. Although based on different legal theories, they are interrelated with and interdependent on the two counts that remain pending. This is the case as every count in the fourth amended complaint arises out of and depends on the same set of common facts involving a business dispute between identical parties. Altair Maintenance Servs. v. GBS Excavating, Inc., 655 So.2d 1281, 1282 (Fla. 4th DCA 1995). Therefore, defendants may properly obtain review of the partial summary judgment "only upon a proper appeal from a final judgment or final order when entered at the conclusion of the case." Arango v. Cainas, 666 So.2d 970, 971 (Fla. 3d DCA 1996); see also S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974); Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla.1974).
El Segundo, 676 So.2d at 1032.
2. The separate, also insurmountable problem with the reviewability of the jury findings against Lipsig, Rahman and the corporations is not, as it is with the partnership-accounting issue, that the verdicts did not go far enough, but that they went too far. To reiterate, the jury determined both liability and damages against these defendants. The very reason, however, for permitting an interlocutory review of an order or verdict which "determines liability" is to avoid the usually expensive process of determining damages in a later proceeding if the liability finding is in error. See Metropolitan Dade County v. Green, 596 So.2d 458, 459 (Fla. 1992). Thus Green interprets Rule 9.130(a)(3)(C)(iv) to include "a jury determination of liability not yet reduced to a dollar sum." 596 So.2d at 458. Obviously, the present situation, in which the damage issues have already been tried and decided, does not fall within the policy behind and therefore is not within the terms of rule 9.130. It must be read instead to permit appeals from non-final orders which only "determine ... liability" and do not also assess damages.
Furthermore, unlike the Dahlawis, as to whom the partnership-accounting counts are still undecided, no other claims appear to remain pending against other defendants. The entry of judgments on these adverse verdicts would therefore be final and appealable by those parties. See Fla.R.App.P. 9.110; Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987); Phillips v. Ostrer, 442 So.2d 1084 (Fla. 3d DCA 1983); New Hampshire Ins. Co. v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977). But the very pendency of this appeal prevents the entry of any such judgments. See Fla.R.App.P. 9.130(f). It thus serves only to deprive, for no principled reason, the successful plaintiff of the executable and supersedable final judgments to which he would otherwise be entitled. One need not mouth the homily *1381 about "not doing indirectly what one cannot do directly" to forbid such a stratagem.
Accordingly, the appeal is dismissed without prejudice to consideration of the issues now presented and any others which may be appropriate on appeal from the final judgment or judgments[4] to be entered in the case.[5]
Appeal dismissed.
LEVY, J., concurs.
NESBITT, Judge (dissenting):
I respectfully dissent. The order under review adopts a jury verdict determining partnership liability in favor of a party seeking affirmative relief. By way of his counterclaim, Ramlawi successfully established the existence of an oral partnership agreement. The existence of that partnership is "the" issue of liability as most of, if not all of, the remainder of the case hinges on that existence. That is all that is required to activate our jurisdiction under Florida Rules of Appellate Procedure 9.130(a)(3)(C)(iv); Metropolitan Dade County v. Green, 596 So.2d 458 (Fla.1992). At a minimum we should review the correctness of that determination. As the supreme court said in Metropolitan Dade County v. Green:
"If interlocutory appeals of this type are not allowed, then judicial resources will be wasted in those cases in which the liability phase was flawed, since the proceeding on damages would be rendered pointless. If interlocutory appeals are allowed, however, then we risk encouraging two separate appeals arising from a single case. At worst, the disadvantages of these two methods balance each other out. Thus, we will enforce the plain language of the rule and allow the interlocutory appeal."
596 So. 2d at 459 (first emphasis added). In this case, "the raveling of the partnership affairs will entail an extensive and complicated accounting involving six corporations," Dahlawi v. Ramlawi, 644 So. 2d 523, 524 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 817 (Fla. 1995), which will be "rendered pointless" if the "liability phase was flawed."
NOTES
[1] And his personal corporation, Ram Holdings, Inc.
[2] Vista Finance, Express Premium Finance, Inc., Zaminco Columbus Inc., Zaminco Freedom Tower, Inc., and American Vehicle Insurance Co.
[3] The very existence of this "policy" however, is belied by the long and ever-growing list of orders subject to nonfinal review by Rule 9.130. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996).
[4] We note that there seems to be nothing now to prevent the entry of final judgments against several defendants. Pending final judgment to be entered after the accounting, the damage verdicts against the Dahlawis, Lipsig and Rahman may be reflected in an order of the type set out in Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315, 319 n. 11 (Fla. 3d DCA 1987).
[5] To achieve the desirable purpose of deciding all the pertinent issues on one record at one time, any multiple appeals from the final judgment or judgments to be entered below may be consolidated for review by this Court.