On Motion for Rehearing
POLEN, J.
This cause is before us on appellant’s motion for rehearing. We deny the motion for rehearing for the reasons stated at the end of this opinion. The content of our August 10, 2005 opinion is reproduced below.
Landmark at Hillsboro Condominium Association (“Landmark”) appeals a final order denying its motion for attorneys’ fees and costs as the prevailing party under section 718.303(1), Florida Statutes. We affirm.
Florida Rule of Civil Procedure 1.525, addressing the timeliness of motions for costs and attorney’s fees, provides that “[a]ny party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.” The purpose of rule 1.525 is to eliminate the reasonable time rule and establish a time requirement to serve motions for costs and attorney’s fees. Carter v. Lake County, 840 So.2d 1153, 1156 (Fla. 5th DCA 2003). In this case, because Landmark filed its fee motion forty-three days after the trial court entered the order dismissing the original complaint and forty-six days after Candelora filed its amended complaint dropping four counts against Landmark, the motion was untimely under rule 1.525 as a matter of law. See Green v. Sun Harbor Homeowners’ Ass’n, 730 So.2d 1261, 1263 (Fla.1998) (“Until a rule is approved for cases that are dismissed before the filing of an answer, we require that a defendant’s claim for attorney fees is to be made either in the defendant’s motion to dismiss or by a separate motion which must be filed within thirty days following a dismissal of the action. If the claim is not made within this time period, the claim is waived.”).
On rehearing, Landmark asserts that this court “overlooked that Landmark first made its claim for attorney fees in a motion to dismiss,” thus allegedly timely moving for fees under the rule articulated in Green. We reject this argument for the reasons below.
First, Landmark claims that it made a claim for attorney fees in its December 10, 2003 supplemental memoran *1274 dum of law in support of its motion to dismiss the original complaint. While this contention is technically correct, that supplemental memorandum asserts that Landmark is entitled to fees under section 607.07401(5), Florida Statutes. This section, regarding shareholder derivative actions, states: “On termination of the proceeding, the court may require the plaintiff to pay any defendant’s reasonable expenses, including reasonable attorney’s fees, incurred in defending the proceeding if it finds that the proceeding was commenced without reasonable cause.” Landmark’s current fee motion on appeal no longer relies on this section and it is thus inapplicable to the issue of whether Landmark timely moved for fees under section 718.303(1) and/or section 57.105.
Second, Landmark claims that it timely moved for fees in its March 8, 2004 motion to dismiss the amended complaint. While technically true, this is entirely inap-posite to the fee motion at hand. The March 8, 2004 motion requested attorney’s fees incurred in securing a dismissal of the amended complaint, not in securing the dismissal of the claims dropped by Cande-lora between the original complaint and the amended complaint, which is the subject of the appealed order.
While we acknowledge that rule 1.525 creates a new hoop for attorneys to jump through to be entitled to attorney’s fees, it is not such a small hoop that an attorney should endeavor to circumvent it by incorporating misleading arguments into a motion for rehearing.

Affirmed.

STEVENSON, C.J., and CROW, DAVID F., Associate Judge, concur.