STONE, J.
Paige appeals a final judgment confirming an arbitration award. At issue is an order granting American Security Insurance Company’s (ASIC) motion to strike Paige’s motion for attorney’s fees and costs. The trial court found that the motion *129 for attorney’s fees and costs was untimely served. We reverse.
The trial court erred in finding the fee motion untimely. The court concluded that an order granting ASIC’s motion to confirm the arbitration award was a final judgment that would initiate the thirty day period for serving the fee motion under Florida Rule of Civil Procedure 1.525. Despite reservations, the trial court concluded that an order granting a motion to confirm an arbitration award is a final “judgment” within the meaning of rule 1.525.
In its motion to confirm the appraisal award, ASIC stated that “[i]n order for this case to proceed, this Court must confirm the appraisal award, and a judgment must be entered on same.” On April 18, 2007, the trial court granted the motion to confirm the award. The order included a provision that “[t]he Court will reserve jurisdiction to award attorney’s fees and costs.” On June 4, 2007, Paige moved to tax attorney’s fees and costs.
At the hearing, the trial judge repeatedly questioned why Paige’s counsel had not asked for a final judgment.
MS. GARBER [Paige’s counsel]: Your Honor, in appraisal context, the Florida Arbitration code applies....
THE COURT: I confirmed [the appraisal award]. You haven’t moved for a judgment in how many months?
MS. GARBER: Your Honor, there is no rule requires [sic] us to move for a judgment after the order was confirmed.
THE COURT: Excuse me. Let’s talk about what you are here for. Why you haven’t moved for a judgment, and what else needs to be done. Let’s talk about that. As far as I was concerned, once we confirmed it, there was nothing else for me to do. If you chose not to get a final judgment that’s your choice but it’s a done deal.
The court insisted that Paige’s counsel “thought it [order granting the motion to confirm the appraisal award] was final. You operated as if it was final then is what you’re telling me .... [y]ou haven’t acted as if you are expecting a judgment is what I’m telling you.” Ms. Garber replied, “[t]here was no deadline for us to act to.”
Upon Paige’s motion, final judgment was subsequently entered in September.
The Florida Arbitration Code provides, in relevant part, that “[u]pon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree.” § 682.15, Fla. Stat. (emphasis added).
Rule 1.525 provides that
Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
Rule 1.525, Fla. R. Civ. P. (emphasis added).
The instant order granting the motion to confirm the arbitration award is not a final judgment because the order lacks words of finality. See City of Tallahassee v. Big Bend PBA, 703 So.2d 1066, 1067 (Fla. 1st DCA 1997); Health Care Assocs., Inc. v. Brevard Physicians Group, P.A., 701 So.2d 118, 118-19 (Fla. 5th DCA 1997).
Because the order was interlocutory and not a judgment, the order did not trigger the thirty-day cap provided in rule 1.525 for serving the motion.
*130 We remand for further proceedings on the motion for attorney’s fees and costs.
FARMER and KLEIN, JJ., concur.