DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SARA WARD,**
Appellant,

v.

**RIVKA LIEBER,** as Personal Representative of the
**ESTATE OF LILLIAN K. WASSERMAN,**
Appellee.

No. 4D22-5

[January 4, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Paige Gillman Kilbane, Judge; L.T. Case No. 502019CA003353.

Jennifer S. Carroll of Law Offices of Jennifer S. Carroll, P.A., Jupiter, for appellant.

Ellen S. Morris of Cozen O'Connor, Boca Raton, for appellee.

MAY, J.

The defendant appeals an order on rehearing denying her motion for attorney's fees after her motion was granted at the original hearing. She argues the trial court erred in granting the plaintiff's motion for rehearing and denying the defendant's motion for attorney's fees. We agree and reverse.

The underlying case involved a dispute between siblings over the administration of their late mother's estate. The plaintiff filed a multi-count complaint against the defendant seeking damages pursuant to section 772.11, Florida Statutes (2019), entitled, "Civil remedy for theft or exploitation."

The defendant filed a motion to dismiss count three, which the trial court granted without prejudice on July 31, 2019. The plaintiff ultimately filed a notice of voluntary dismissal on July 2, 2021.

Within thirty days of the notice of voluntary dismissal, the defendant moved for attorney's fees. The court granted the defendant's motion. The plaintiff then moved for rehearing. Without holding a hearing, the trial court reversed itself, granted the plaintiff's motion for rehearing, and entered an order denying the defendant's motion for attorney's fees.

The defendant filed a motion for rehearing, which the trial court denied. From this order, the defendant now appeals.

The defendant claims the plaintiff's notice of voluntary dismissal filed on July 2, 2021, triggered the 30-day time limit for filing a motion for attorney's fees. The plaintiff responds the trial court properly denied defendant's motion for attorney's fees because the July 31, 2019, order dismissing count three without prejudice triggered the 30-day time limit for filing a motion for attorney's fees, not the subsequent notice of voluntary dismissal of the entire action.

We have de novo review of this legal question. *Evans v. State*, 300 So. 3d 671, 677 (Fla. 4th DCA 2020). We agree with the defendant and reverse.

Florida Rule of Civil Procedure 1.525 provides:

> Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice **concludes the action as to that party**.

(Emphasis added).

An order is final if it "disposes of the cause on its merits leaving no questions open for judicial determination except for the execution or enforcement of the decree if necessary." *Nero v. Cont'l Country Club R.O., Inc.*, 979 So. 2d 263, 266 (Fla. 5th DCA 2007) (quoting *Welch v. Resol. Tr. Corp.*, 590 So. 2d 1098, 1099 (Fla. 5th DCA 1991)).

Here, the trial court dismissed count three of a multi-count complaint on July 31, 2019, but that count related to the same common set of facts as the remaining counts. And the trial court's order dismissing count three was without prejudice and with leave to amend.

When an order partially dismisses a complaint leaving claims related to the same facts and parties, the order is non-final and not directly

appealable. *4040 Ibis Circle, LLC v. JP Morgan Chase Bank*, 193 So. 3d 957, 959 (Fla. 4th DCA 2016). Thus, the order disposing of count three was neither final nor did it conclude the action as to either party. The order therefore did not trigger the thirty-day time limit within which to file a motion for attorney's fees, pursuant to Florida Rule of Civil Procedure 1.525.

This case is similar to *Arango v. Cainas*, 666 So. 2d 970 (Fla. 3d DCA 1996). There, the trial court granted the defendant's motion for partial summary judgment on a complaint that contained multiple interrelated counts. *Id.* at 971. The trial court awarded the defendant attorney's fees pursuant to the trial court's partial summary judgment order despite the remaining pending counts. *Id.*

The Third District held the summary judgment order was not final because interrelated claims remained pending. *Id.* The appellate court also concluded the attorney's fees award was premature until the trial court disposed of all the counts in the complaint. *Id.* The appellate court therefore reversed the attorney's fees award.

Here, the defendant correctly waited to file her motion for attorney's fees until the notice of voluntary dismissal was filed because the earlier order dismissing count three without prejudice was not final and did not dispose of the entire action. Had the motion been filed after the dismissal of count three, it would have been premature.

The plaintiff relies heavily on *Landmark at Hillsboro Condominium Ass'n, Inc. v. Candelora*, 911 So. 2d 1272 (Fla. 4th DCA 2005). While at first blush, *Landmark* would appear to warrant an affirmance, its facts render its holding inapplicable to this case.

There, seven condominium unit owners brought a derivative claim against Landmark and others. By agreed order on February 9, 2004, the complaint was dismissed with leave to amend. In the amended complaint, the plaintiffs dropped four of their claims against Landmark. Landmark made several requests for fees under different statutes and at different times. On March 23, 2004, Landmark filed a "Verified Motion for Attorneys' Fees and Costs," seeking fees as the prevailing party under sections 718.303(1) and 57.105, Florida Statutes (2004).

Landmark argued it became a prevailing party within the meaning of section 718.303(1) when, following the dismissal of the original complaint on February 9, 2004, the amended complaint dropped four counts. The

trial court denied fees to Landmark without explanation. Landmark appealed.

The issue argued on appeal was not whether the February 9th order was final. Indeed, it was not. There was neither a judgment on the merits nor a notice of voluntary dismissal to trigger Rule 1.525.

The issue was whether the trial court's dismissal without prejudice made the defendant the "prevailing party" under section 718.303 and whether the defendant requested attorney's fees in a timely manner following that order. The parties never argued, nor did we discuss, the finality, or lack thereof, of the February 9th Agreed Order of Dismissal without Prejudice. For this reason, *Landmark* is not controlling.

Here, the trial court got it right the first time when it granted the defendant's motion for attorney's fees. It erred the second time when it granted plaintiff's motion for rehearing, reversed itself, and denied the defendant's motion for fees. All the counts in the complaint involved the same facts and the same parties. *See Altair Maint. Servs., Inc. v. GBS Excavating, Inc.*, 655 So. 2d 1281, 1281-82 (Fla. 4th DCA 1995). Thus, the trial court's order dismissing count three was not a final order and did not dispose of the action for either party. *See Nero*, 979 So. 2d at 266. For this reason, the order did not trigger the thirty-day time frame for filing a motion for attorney's fees under Florida Rule of Civil Procedure 1.525.

Instead, the plaintiff's notice of voluntary dismissal disposed of the action as to both parties and triggered the 30-day time frame for filing the attorney's fees motion. *See* Fla. R. Civ. P. 1.525; *Paige v. Am. Sec. Ins. Co.*, 987 So. 2d 128 (Fla. 4th DCA 2008).

We reverse and remand the case for the trial court to vacate the order denying the defendant's motion for rehearing, vacate its order on the plaintiff's motion for reconsideration/rehearing and reenter its initial order granting defendant's motion for attorney's fees and for further proceedings consistent with this opinion.[1]

*Reversed and remanded for further proceedings consistent with this opinion.*

GERBER, J., concurs.
ARTAU, J., concurs specially with opinion.

---

[1] Because our decision on this issue disposes of the appeal, we do not reach the second issue.

4

ARTAU, J., concurring specially.

I concur with the majority's reversal of the denial of the defendant's timely filed motion for attorney's fees. However, I do so without joining the majority's basis for distinguishing *Landmark at Hillsboro Condominium Association, Inc. v. Candelora*, 911 So. 2d 1272 (Fla. 4th DCA 2005). Instead, I concur because *Landmark* has been superseded by the 2010 amendment to Florida Rule of Civil Procedure 1.525.

As the majority points out, "[t]here was neither a judgment on the merits nor a voluntary dismissal in *Landmark* to trigger [r]ule 1.525." In other words, there was never a judgment or final dismissal in *Landmark* triggering the 30–day deadline provided by rule 1.525 to file a motion for attorney's fees. Yet, *Landmark* concluded that the motion for attorney's fees was untimely based on its interpretation of an earlier version of rule 1.525, the text of which did not expressly trigger the running of the 30–day deadline upon the filing of a judgment or voluntary dismissal concluding the action as to a party. *Landmark*, 911 So. 2d at 1273 (interpreting the previous version of rule 1.525 which provided "[a]ny party seeking a judgment taxing costs, attorney's fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal." (alteration in original)). The version of rule 1.525 interpreted in *Landmark* was subsequently amended by our supreme court to clarify that the 30–day deadline to move for attorney's fees is not triggered until a "judgment or notice [of voluntary dismissal] concludes the action as to that party." *See In re Amends. to the Fla. Rules of Civ. Proc.*, 52 So. 3d 579, 590 (Fla. 2010) (amending rule 1.525 to add the clarifying phrase "which judgment or notice concludes the action as to that party."). Accordingly, *Landmark* has been superseded by rule change and has no precedential value in interpreting the current version of the amended rule.

While I concur in result with the majority, I do so because *Landmark* has been superseded by the 2010 amendment to rule 1.525. The trial court in this case did not have the benefit of an opinion clarifying that *Landmark* is of no precedential value in interpreting the amended rule. I am confident that if the trial court had the benefit of a clarifying opinion, it would not have denied the timely filed motion for attorney's fees.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***