DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERRY HARE**,
Appellant,

v.

**TANIA DECOOMAN MCLAUGHLIN**, individually and as
personal representative of the **ESTATE OF JACQUES DECOOMAN**,
and **TINA D. DECOOMAN-INGALSBE,**
Appellees.

No. 4D2025-2001

[March 25, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Laurie E. Buchanan, Judge; L.T. Case No. 472023000216CAAXMX.

William F. Gallese of William F. Gallese, P.A., Jensen Beach, for appellant.

Alan B. Rose, Scott Konopka, and Carly M. Weiss of Taft Stettinius & Hollister, LLP, Stuart, for appellees.

SHEPHERD, J.

Terry Hare seeks review of a partial final judgment entered in favor of Tania Decooman McLaughlin, individually and as personal representative of the Estate of Jacques Decooman, and Tina Decooman-Ingalsbe, on two counts of a five-count complaint. Hare also requests a stay of execution of the judgment and collection efforts. For the reasons discussed below, we dismiss Hare's appeal of the partial final judgment for lack of jurisdiction, treat the request to stay execution of the judgment as a petition for writ of certiorari, grant the petition, quash the portions of the final judgment that authorize execution, quash the writ of garnishment and quash the order compelling Hare to complete a fact information sheet.

A partial final judgment is not appealable under Florida Rule of Appellate Procedure 9.110(k) where interdependent claims remain unresolved. *See* Fla R. App. P. 9.110(k); *see also Altair Maint. Servs. Inc. v. GBS Excavating, Inc.*, 655 So. 2d 1281, 1282 (Fla. 4th DCA 1995)

(dismissing without prejudice appeal of a non-final order granting summary judgment on one count of a multi-count complaint where the undisposed counts involved the same transaction and parties). Although Hare's appeal of the judgment on counts II and V is premature, "certiorari is available to review the form of an order, if not its underlying merits, insofar as it permits execution prior to rendition of an appealable final judgment." *E. Ave., LLC v. Insignia Bank*, 136 So. 3d 659, 664 (Fla. 2d DCA 2014); *see also* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the property remedy had been sought. . . ."). Accordingly, to the extent that the appeal requests a stay of all post-judgment collection endeavors, we treat the appeal as a petition for writ of certiorari.

Certiorari relief is proper where the petitioner shows: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004) (quoting *Bd. of Regents v. Snyder,* 826 So. 2d 382, 387 (Fla. 2d DCA 2002) (internal quotations omitted)). Hare has met the requirements for certiorari relief. *See Team Richco, LLC v. Rapid Sec. Sols., LLC*, 290 So. 3d 629, 630 (Fla. 2d DCA 2020) (holding that a trial court order allowing discovery in aid of execution of a non-final, non-appealable partial summary judgment order satisfied all three prongs for certiorari relief).

Because the trial court departed from the essential requirements of the law when it allowed discovery in aid of execution of a non-final, non-appealable partial summary judgment, and irreparable harm would result, we grant certiorari, quash the portions of the final judgment that authorize execution, quash the writ of garnishment, and quash the order compelling Hare to complete a fact information sheet.

*Appeal dismissed, certiorari granted, orders quashed, and the case remanded for further proceedings consistent with this opinion.*

KUNTZ, C.J., and MAY, J., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**