PER CURIAM.
Southeastern Fidelity Insurance Company appeals an order denying its motion seeking, pursuant to Florida Rule of Civil Procedure 1.540, relief from a final judgment.
Three complaints filed by Southeastern were dismissed with leave to amend. The original law firm representing Southeastern then hired an appellate specialist, Steven Berger, to take over responsibility for the litigation. Berger filed a Third Amended Complaint, on his firm’s stationery, as co-counsel in the case. He and counsel for Truck Insurance Exchange, appellee, were the only attorneys to appear for the April 28, 1986, hearing on the latter’s Motion to Dismiss the Third Amended Complaint. Counsel for Truck Insurance prepared an order dismissing the Third Amended Complaint, in accordance with the court’s instructions, indicating on the order (not by instruction) that a copy was to be sent only to an associate in the law firm of appellant’s original attorneys. It is undisputed that Berger, who was retained to handle an anticipated appeal, did not receive a copy of the order of dismissal.
Berger avers, by uncontroverted affidavit, that he made numerous inquiries of co-counsel and the clerk’s office as to whether a written order of dismissal had been filed in accordance with the court’s oral ruling and was informed that no order had yet been filed. A copy of the order of dismissal, dated May 2, 1986, was discovered in the court file on August 29, 1986. The partner in the original law firm who had primary responsibility for the file also filed an affidavit stating that he had not seen the order of dismissal.
In denying the Motion for Relief from Judgment the trial court found that there was a “clear indication” that on May 5th a copy of the order was sent to an associate in the original law firm.
Rule 1.540 is applied liberally to promote the ends of justice. Rogers v. First Nat’l Bank at Winter Park, 232 So.2d 377 (Fla.1970). As to the facts presented in this case we find instructive Town of Hialeah Gardens v. Hendry, 376 So.2d 1162 (Fla.1979), and Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971). It was held in Town of Hialeah Gardens that trial counsel’s failure to mail a copy of the correct appealable order to appellate counsel constituted a clerical mistake resulting from excusable neglect or inadvertence within the meaning of Rule 1.540. In Wol-darsky the trial court was directed to set aside or redate a judgment so an appeal could be taken where the losing party did not receive notice of the judgment. Since Berger had filed an appearance and had assumed full responsibility of the case on behalf of the appellant for the purpose of filing an appeal, the ends of justice required that he be sent a copy of the order of dismissal. Even if a copy of the order was sent to an associate in the original law *308 firm, that act failed to satisfy minimal fairness standards.
Reversed and remanded for further proceedings accordingly.