748 So.2d 920 (1999)
Jacqueline Farquhar MEYERS, et vir., Petitioners,
v.
METROPOLITAN DADE COUNTY, Respondent.
No. 92,580.
Supreme Court of Florida.
March 18, 1999.
Robert J. Bryan, Miami, Florida, and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, Florida, for Petitioners.
Robert A. Gingsburg, Dade County Attorney, and Thomas A. Tucker Ronzetti and Scott D. Fabricius, Assistant County Attorneys, Miami, Florida, for Respondent.
WELLS, J.
Jacqueline Farquhar Meyers and her husband, David Meyers, petition this Court for a writ of prohibition directing the Third District Court of Appeal to dismiss a pending appeal for lack of jurisdiction. We have jurisdiction[1] and, for the reasons stated herein, deny the petition.
*921 Petitioners filed a negligence action against respondent Metropolitan Dade County (County). On September 3, 1997, at the close of the first phase of a bifurcated proceeding, the jury returned a verdict for petitioners on the issue of liability only. The County then filed a motion for judgment notwithstanding the verdict. The trial court denied this motion on December 19, 1997, and the County filed a notice of appeal on January 6, 1998. Petitioners then filed a motion to dismiss the appeal as untimely, arguing that the notice of appeal must have been filed within thirty days of the jury's verdict. The district court denied this motion, and petitioners filed the instant petition for writ of prohibition.
Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) provides for review of nonfinal orders that determine "the issue of liability in favor of a party seeking affirmative relief." This Court's decision in Metropolitan Dade County v. Green," 596 So.2d 458 (Fla.1992), construed this rule in the context of a bifurcated proceeding such as the one at issue here. In so doing, we stated that "the jury's verdict here meets the plain language of [Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv)] because it has determined an issue of liability." Green, 596 So.2d at 458. Accordingly, under Green, the jury's verdict as to liability in a bifurcated proceeding is the equivalent of the order determining the issue of liability under the interlocutory appeal rule.
It is true that, in general, jury verdicts are not appealable. See Norm Burg Constr. Corp. v. Jupiter Inlet Corp., 514 So.2d 1102, 1105 (Fla.1987).[2] However, the unique nature and purpose of a bifurcated proceeding in combination with the provisions of rule 9.130(a)(3)(C)(iv) require in these special circumstances that the jury verdict itself serve as the equivalent of the appealable judicial act. In a nonbifurcated proceeding, once the jury has returned its verdict as to both liability and damages, the trial judge may enter a final judgment in accordance with that verdict. The final judgment then is the appealable judicial act. However, in a bifurcated proceeding, if the jury in the first phase of the proceeding returns a verdict of liability, no final judgment is entered until the second phase of the proceeding on damages has been concluded. Accordingly, in a bifurcated proceeding, the jury's verdict must necessarily serve as the appealable determination of liability under rule 9.130(a)(3)(C)(iv). This furthers the purposes of a bifurcated proceeding and the interlocutory appeal rule, which are to promote judicial economy and to permit immediate review of the determination of liability before the case proceeds any further.
The question presented in this case is whether the County's notice of appeal was timely filed. Rule 9.130(b) states that "jurisdiction to seek review of orders described in subdivisions (a)(3)-(a)(6) shall be invoked by filing 2 copies of a notice ... with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed." Generally, "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." See Fla. R.App. P. 9.020(h).
In a bifurcated proceeding, however, because there may be no order determining liability-only the jury verdict-the time limit for filing a notice of appeal and the stated definition of "rendition" do not precisely fit this special circumstance. In the absence of definitive guidance in the appellate rules, we find that in the context of a bifurcated proceeding in which the jury returns a verdict as to liability only, *922 the time for filing the notice of appeal pursuant to rule 9.130(a)(3)(C)(iv) runs from the rendition of the verdict, and the verdict is rendered when the verdict of the jury which has been received by the trial court is filed with the clerk of the lower tribunal.
In this case, the jury returned its verdict on September 3, 1997. The County then filed a motion for judgment notwithstanding the verdict, and the trial court finally disposed of this motion on December 19, 1997. Thus, the County's notice of appeal filed on January 6, 1998, was timely only if the filing of the motion for judgment notwithstanding the verdict tolled the rendition of the verdict.
Under rule 9.130(a)(3)(C)(iv), an order determining the issue of liability in favor of a party seeking affirmative relief is a nonfinal order. While generally the rendition of a nonfinal order is not tolled by the filing of motions, in Green we impliedly recognized that a "proper motion defeat [a] verdict" determining the issue of liability in a bifurcated proceeding will toll rendition of the verdict. The appeal in that case was filed after "[v]arious motions to defeat the verdict were denied," and our opinion expressly stated that "[o]nce a proper motion to defeat [the] verdict has been made and denied, an appeal can be taken." Green, 596 So.2d at 458-59. In accordance with Green and again due to the unique nature of bifurcated proceeding, we hold that the timely filing under Florida Rule of Civil Procedure 1.480 of either a motion for judgment notwithstanding the verdict or a motion for new trial will toll the commencement time for an interlocutory appeal pursuant to rule 9.130(a)(3)(C)(iv) until the court's order disposing of such a motion is filed.
Here, the County filed a timely motion for judgment notwithstanding the verdict. This motion tolled rendition of the jury's verdict, and therefore the notice of appeal, filed within thirty days of the order denying the motion for judgment notwithstanding the verdict, was timely. Accordingly, we hold that the district court was correct in denying petitioner's motion to dismiss the appeal, and we deny the instant petition.
In addition, because, as discussed above, the current appellate rules do not specifically address the unique issues presented by this case, we refer these issues to the Appellate Rules Committee of The Florida Bar and request that the committee recommend appropriate revisions to the rules.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Art. V, § 3(b)(7), Fla. Const.
[2] In Norm Burg, this Court held that a notice of appeal filed within thirty days after the rendition of a final judgment which disposed of only one issue determined by the jury verdict was insufficient to invoke the appellate court's jurisdiction to review the other issue addressed by the jury's verdict and upon which a separate final judgment was subsequently entered. 514 So.2d at 1103-07. This case did not involve the interlocutory appeal rule at issue here or a jury's verdict as to liability only in a bifurcated proceeding.