746 So.2d 1095 (1999)
AMERADA HESS CORPORATION, Appellant,
v.
NATIONAL RAILROAD PASSENGER CORPORATION, George William Parker and CSX Transportation, Inc., Appellees.
No. 98-1557.
District Court of Appeal of Florida, Fourth District.
August 25, 1999.
Rehearing Denied October 18, 1999.
Louise H. McMurray and Robert M. Klein of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellant.
Jose A. Gutierrez and Daniel J. Fleming of Melkus & Fleming, Tampa, for Appellees-National Railroad Passenger Corporation and CSX Transp., Inc.
Van Kirk McCombs, II of Burge & Wettermark, P.C., Jacksonville, for Appellee-George W. Parker.
KLEIN, J.
This is a non-final appeal from a jury verdict on liability, in a bifurcated trial arising out of a train-truck collision in Broward County in 1993. As a result of the collision appellant Hess' truck exploded, and the driver and five other persons were killed. In this case Hess sued the railroad for damages in connection with the environmental cleanup and claims paid to third parties, and the railroad counterclaimed against Hess for the damages the railroad incurred. The jury found Hess 100% at fault and the railroad not at fault. Hess appeals the verdict pursuant to rule 9.130(a)(3)(C)(iv) and Metropolitan Dade County v. Green, 596 So.2d 458 (Fla.1992).
Hess raises four issues, one of which is that the trial court erred in directing a verdict in favor of the railroad on one of Hess' theories that the railroad was negligent. That directed verdict does not determine "the issue of liability in favor of a party seeking affirmative relief." Accordingly we do not have authority to review it under rule 9.130(a)(3)(C)(iv) as it is presently written.[1] Because the purpose of allowing review of verdicts on liability in bifurcated trials is to "promote judicial economy," Meyers v. Metropolitan Dade *1096 County, 748 So.2d 920 (Fla.1999), our supreme court may wish to consider expanding our scope of review so that we can review these verdicts as if they were final judgments.
We have considered the other issues raised by Hess and find them to be without merit. Affirmed.
POLEN and GROSS, JJ., concur.
NOTES
[1] If we had the authority to review this issue we would affirm it.