778 So.2d 314 (2000)
HIALEAH HOTEL, INC., and Ramada Franchise Systems, Inc., Appellants,
v.
Jerry WOODS and Eddie Talley, Appellees.
No. 3D00-418.
District Court of Appeal of Florida, Third District.
December 6, 2000.
Clarification Denied March 14, 2001.
Wolpe & Leibowitz, and George L. Fernandez, and Bradley H. Trushin, Miami; Scott Mager (Fort Lauderdale), for appellants.
*315 Roy D. Wasson; Raul E. Garcia, Jr., Miami, for appellees.
Before COPE, GERSTEN and FLETCHER, JJ.
COPE, J.
The Florida Supreme Court has recently held that where there is a bifurcated jury trial on liability only, the jury verdict form will, when filed with the court clerk, serve as the appealable order for purposes of a non-final appeal under Florida Rule of Appellate Procedure 9.130. See Meyers v. Metropolitan Dade County, 748 So.2d 920, 921-22 (Fla.1999).
The present case presents the question whether, since the verdict is being treated as an appealable order in this situation, there must be notice to the parties when the verdict form is filed with the clerk. We conclude that the answer is yes.
Where, as here, the verdict is filed without notice, an aggrieved party is entitled to have the verdict form refiled with proper notice, so as to provide an opportunity for appeal.

I.
Jerry and Linda Woods in one case, and Eddie Talley in another (collectively "plaintiffs"), brought suit against Hialeah Hotel, Inc. and Ramada Franchise Systems, Inc. (collectively "Ramada") contending that Ramada had failed to provide sufficient security in its parking lot and that Jerry Woods and Eddie Talley had been injured in a criminal attack there.[1] The trial court decided to bifurcate these cases and conduct an initial jury trial on liability only.[2] The jury returned a verdict in favor of plaintiffs. One day after the verdict was announced, the court clerk filed it of record, but no notice of this filing was given to the parties.
In the meantime, the parties drafted an order finding liability in favor of the plaintiffs. The proposed order incorporated the entire interrogatory verdict form. The trial court signed the order thirty-five days after the verdict had been announced in open court, and thirty-four days after the court clerk had filed the verdict in the court record. Ramada then filed its notice of appeal. That appeal is pending here as Hialeah Hotel, Inc. v. Talley, No. 00-103.
Plaintiffs moved to dismiss the appeal as untimely. They argued that under the Meyers decision, the appeal time began to run when the court clerk filed the verdict form of record on November 4, 1999. See Meyers, 748 So.2d at 921-22. They urged that under Meyers, the time for taking the non-final appeal expired on December 4, 1999, even though the order on liability was not signed until December 8, 1999.
A motion panel of this court denied the motion to dismiss by unpublished order. Such a ruling is, however, interlocutory and may be visited by the merits panel. The plaintiffs have made clear that they intend to argue again in their brief on the merits that the appeal is untimely.
Ramada countered by moving for relief from judgment in the trial court. Ramada argued, among other things, that it was entitled to relief because the verdict form was filed without notice being given to the parties. Ramada asserted that since there was no notice of filing, the filing of the verdict must be vacated.
The trial court denied relief, and Ramada has appealed.

II.
Plaintiffs initially argue, and we agree, that Ramada's motion in the trial court did not fall within the scope of Florida Rule of Civil Procedure 1.540. That is so because Rule 1.540 applies only to final judgments, not to interlocutory orders. See Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1164 (Fla.1979); Shields v. *316 Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988). Thus, the present appeal is not properly viewed as an appeal from an order denying Rule 1.540 relief. See Fla. R.App. P. 9.130(a)(5).
Instead, Ramada's motion in the trial court was simply a motion for interlocutory relief. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1388 n. 2 (Fla. 3d DCA 1986). While the court's interlocutory order denying relief is not appealable, we elect to treat the appeal in this case as a petition for writ of certiorari.

III.
We now come to the heart of the matter. The Meyers decision holds that the jury verdict in a bifurcated proceeding will serve as the functional equivalent of an appealable order. See Meyers, 748 So.2d at 921-22.
It is, of course, a requirement that an order be served on the parties when it is filed of record. See Fla. R. Civ. P. 1.080(h)(1). If the jury verdict is to serve as the functional equivalent of an order, it follows that the verdict must be filed with notice to the parties. That was not done in this case.
While the parties were dutifully preparing an order for the judge's signature which incorporated the jury's interrogatory verdict, the clerk in the meantime filed the jury verdict in the court records without notice to anyone. A long line of precedent holds that where a party does not receive a court order until the time for appeal has run, due process requires that the order be reentered so that the adversely affected party can file a notice of appeal. See Durando v. Palm Beach County, 719 So.2d 1258 (Fla. 1st DCA 1998); Rosso v. Golden Surf Towers Condominium Assoc., 711 So.2d 1298 (Fla. 4th DCA 1998); Kanecke v. Lennar Homes, Inc., 543 So.2d 784 (Fla. 3d DCA 1989); Southeastern Fidelity Ins. Co. v. Truck Ins. Exchange, 521 So.2d 306 (Fla. 3d DCA 1988); Spanish Oaks Condominium Assoc., Inc. v. Compson of Florida, Inc., 453 So.2d 838 (Fla. 4th DCA 1984); Wechsler v. Wechsler, 436 So.2d 1090 (Fla. 3d DCA 1983); Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980); Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971); Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure § 26-8, at 463 (1998 ed.); Bruce J. Berman, Florida Civil Procedure, ¶ 540.5, at 647 (1999 ed.); see also Burke v. Reyes, 687 So.2d 929 (Fla. 3d DCA 1997); Shields v. Flinn, 528 So.2d at 968; Grahn v. Dade Home Servs., 277 So.2d 544 (Fla. 3d DCA 1973). On comparable facts, the Florida Supreme Court granted relief from judgment in Town of Hialeah Gardens v. Hendry, 376 So.2d at 1164-65.
Applying that logic here, the verdict in this bifurcated case serves as the functional equivalent of the appealable order. It was filed without notice to the parties. It follows that the trial court should have entered an order directing that the filing of the verdict be vacated and the verdict be refiled with notice to the parties.[3] We therefore quash the trial court's order denying such relief, and direct that such relief be granted.
The plaintiffs object that when a verdict is returned, everyone knows that at the conclusion of proceedings, the courtroom clerk will take the verdict form, trial minutes, and exhibits to the clerk's office and will file them in the court records within a reasonable time. The plaintiffs contend that it was Ramada's responsibility to inspect the court file every day until they learned that the verdict had been filed of record. They argue that the lack of any *317 notice of filing is immaterial. We reject this argument.
When, for example, a trial judge orally announces that he or she will enter summary judgment for a party, everyone knows that sooner or later a written summary judgment will hit the court file. Under plaintiffs' logic, once the oral ruling is made, it would be up to the losing party to inspect the court file every day until the written summary judgment is filed of record.
The law is, of course, to the contrary. When dealing with the jurisdictional time period for filing a notice of appeal, the rules themselves, and considerations of due process, require that parties be given notice when an appealable order is entered. So long as the verdict is to be treated as the appealable order in a bifurcated proceeding, notice of filing must be given to the parties. To borrow a concept from administrative law, there must be a clear point of entry into the appellate process.[4]
Plaintiffs also argue that we should not grant certiorari because even if Ramada's appeal is ultimately found to be untimely, there is no irreparable injury because Ramada has another remedy: it can obtain review of the jury's verdict by appeal from the final judgment at the conclusion of the case. See Fla. R.App. P. 9.130(g). We reject this argument as well.
Under the current version of Rule 9.130,[5] there is a right of non-final appeal after a jury verdict on liability in a bifurcated proceeding. See Metropolitan Dade County v. Green, 596 So.2d 458 (Fla.1992). Ramada has a right to appeal at this time. The fact that it can appeal later is not a satisfactory remedy where the rules allow an appeal at this time and the right to appeal was frustrated for lack of proper notice.

IV.
Having treated the appeal as a petition for writ of certiorari, we grant certiorari and quash the order now under review. The trial court shall direct that the original filing of the verdict be vacated, and the jury verdict be refiled, with notice of filing to the parties.
NOTES
[1] The claim of Linda Woods is evidently for loss of consortium.
[2] The two cases were consolidated for purposes of trial, but not otherwise.
[3] Ramada's request for relief below was somewhat different than we have provided here. Ramada requested that the court vacate the verdict so that it could proceed with its appeal of the trial court's order which incorporated the entire verdict form. Because Meyers treats the verdict as the appealable order, we believe the proper remedy is to direct the trial court to refile the verdict with notice to the parties.
[4] The need for notice of filing the jury verdict does not arise for a litigant who wishes to move for a new trial. The time to move for a new trial begins to run when the verdict is returned, see Fla. R. Civ. P. 1.530(b), i.e., is announced in open court. Under the current version of Rule 1.530(b), the date of filing of the verdict with the clerk is immaterial. See Bruce J. Berman, Florida Civil Procedure ¶¶ 530.1, 530.5[1][a].
[5] The subdivision of Rule 9.130 at issue here, Rule 9.130(a)(3)(C)(iv), has been repealed effective January 1, 2001. See Amendments to Florida Rules of Appellate Procedure, 780 So.2d 834, 838, 860 (Fla.2000).