790 So.2d 466 (2001)
HIALEAH HOTEL, INC. and Ramada Franchise Systems, Inc., Appellants,
v.
Eddie TALLEY and Jerry Woods, Appellees.
No. 3D00-103.
District Court of Appeal of Florida, Third District.
May 23, 2001.
Rehearing and Rehearing Denied August 3, 2001.
*467 Wolpe & Leibowitz and George L. Fernandez and Bradley H. Trushin, Miami; Scott Mager (Fort Lauderdale), for appellants.
Roy D. Wasson; Raul E. Garcia, Jr., Miami, for appellees.
Before SCHWARTZ, C.J., and SORONDO, J., and NESBITT, Senior Judge.
Rehearing and Rehearing En Banc Denied August 3, 2001.
SCHWARTZ, Chief Judge.
As indicated in Hialeah Hotel, Inc. v. Woods, 778 So.2d 314 (Fla. 3d DCA 2000), the notice of appeal from this non-final jury verdict which determined liability in favor of the plaintiffs was untimely filed more than thirty days after the verdict. Under Meyers v. Metropolitan Dade Co., 748 So.2d 920, 921-22 (Fla.1999), this appeal must therefore be dismissed for lack of jurisdiction.[1]
This action is taken totally without prejudice to the trial court's own reconsideration of its existing interlocutory orders which may and should be revisited in the light of our view, which we expressalthough necessarily by way of dictain the strongest possible terms: that, as a matter of law, the plaintiffs who, beyond peradventure, were conducting a drug transaction inside a vehicle in the parking lot of the defendants' hotel when they were robbed and shot by unknown perpetrators, are not entitled to recover. The record including directly relevant testimony erroneously excluded by the trial court, see Lobo v. Metro-Dade Police Dep't, 505 So.2d 621 (Fla. 3d DCA 1987)demonstrates that the defendants' actions in allegedly failing to provide proper lighting and security were not a legal cause of the plaintiffs' injuries, see Stahl v. Metropolitan Dade Co., 438 So.2d 14 (Fla. 3d DCA 1983), breached no cognizable duty, and created no "zone of risk," McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), to the plaintiffs, who were engaged in the commission of unlawful acts they affirmatively wished to conceal. See Rios v. Junco, 487 So.2d 331 (Fla. 3d DCA 1986), review denied, 494 So.2d 1152 (Fla.1986); Iber v. R.P.A., Int'l Corp., 585 So.2d 367, 368 n. 1 (Fla. 3d DCA 1991); see also Anicet v. Gant, 580 So.2d 273 (Fla. 3d DCA 1991), review denied, 591 So.2d 181 (Fla.1991).[2] The trial court should quickly put an end to this travesty.
Appeal dismissed.
NOTES
[1] The appellants have not secured the reestablishment of the verdict which we ordered in Hialeah Hotel Inc. v. Woods, 778 So.2d 314 (Fla. 3d DCA 2000), to permit a subsequent timely appeal. In the meantime, as we telegraphed in Hialeah, at note 5, Rule 9.130(a)(3)(C)(iv) was repealed so that, even if reentered, the verdict as to liability only is no longer subject to appellate review. Compare Hetherington v. Donner, 786 So.2d 9 (Fla. 3d DCA 2001) (court has jurisdiction over order entered and appeal taken prior to January 1, 2001).
[2] Moreover, and in any case, the defendant-appellant Ramada, which was a mere franchisor of the hotel, was not liable for the negligence claimed. See Mobil Oil Corp. v. Bransford, 648 So.2d 119 (Fla.1995). In addition, the circumstances strongly indicate that the case should be dismissed under the doctrine that a perjurer may not maintain a civil action in Florida. See Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999); Hanono v. Murphy, 723 So.2d 892 (Fla. 3d DCA 1998).