RAMIREZ, J.
(dissenting).
I must respectfully dissent in this Court’s denial of rehearing en banc which leaves standing an award of sanctions under section 57.105, Florida Statutes, against appellants and their appellate counsel.
This case has had a long and convoluted history that I will try to summarize as follows: Jerry and Linda Woods in one case, and Eddie Talley in another (collectively “plaintiffs”), brought suit against Hialeah Hotel, Inc. and Ramada Franchise Systems, Inc. (collectively “defendants”) contending that Ramada had failed to provide sufficient security in its parking lot and that Jerry Woods and Eddie Talley had been injured in a criminal attack there. The trial court decided to bifurcate these cases and conduct an initial jury trial on liability only. The jury returned a verdict in favor of plaintiffs.
Defendants then filed two appeals. The first, in Hialeah Hotel, Inc. v. Woods, 778 So.2d 314 (Fla. 3d DCA 2000); and the second, and more relevant one, in Hialeah Hotel, Inc. v. Talley, 790 So.2d 466 (Fla. 3d DCA 2001). In this second appeal, the Court dismissed the defendants’ appeal as untimely. The Court then proceeded to act as judge, jury and executioner by stating the following, which I quote in its entirety, leaving out all citations:
This action [of dismissal] is taken totally without prejudice to the trial court’s own reconsideration of its existing interlocutory orders which may and should be revisited in the light of our view, which we express — although necessarily by way of dicta — in the strongest possible terms: that, as a matter of law, the plaintiffs who, beyond peradventure, were conducting a drug transaction inside a vehicle in the parking lot of the defendants’ hotel when they were robbed and shot by unknown perpetrators, are not entitled to recover. The record — including directly relevant testimony erroneously excluded by the trial court, demonstrates that the defendants’ actions in allegedly failing to provide proper lighting and security were not a legal cause of the plaintiffs’ injuries, breached no cognizable duty, and created no “zone of risk,” to the plaintiffs, who were engaged in the commission of unlawful acts they affirmatively wished to conceal. The trial court should quickly put an end to this travesty:
The Court also included a footnote, which stated that “the circumstances strongly indicate that the case should be dismissed under the doctrine that a perjurer may not maintain a civil action in Florida,” citing Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999) and Hanono v. Murphy, 723 So.2d 892 (Fla. 3d DCA 1998).
The plaintiffs thereafter unsuccessfully attempted to persuade this Court to rescind its dicta, followed by a denial of review by the Florida Supreme Court. Upon remand, the defendants moved for a directed verdict.[1] The trial court stated that it was “very unhappy about the situation we’re in now ... [T]he proffered evidence ... what I heard in the trial court, *519 was not anything like what I read in the briefs.... As much as I think this was a miscarriage, I respect the appellate judges that have I have [sic] been guided by the past. They made it perfectly clear. And for me to extend this case any longer, would be a worse wrong than that the fact that these plaintiffs were not fairly treated in the media or perhaps by the court. But that’s my humble opinion. And I’m bound by the appellate court.” The trial court then directed a verdict for the defendants.
No finder of fact at the trial level had ever found that the plaintiffs were conducting a drug transaction. The defendants had never moved to dismiss the case because the plaintiffs had lied. This is not a situation like Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999), where the plaintiffs misrepresentations and omissions about her accident and medical history during discovery went to the heart of her claim and subverted the integrity of her action. Nor was this a case like Hanono v. Murphy, 723 So.2d 892 (Fla. 3d DCA 1998), where a party who had actually been convicted of perjury in the prosecution of a civil action nevertheless claimed the right to continue to maintain it.
In this latest appeal, the plaintiffs sought to reinstate the jury verdict arguing that it was supported by the evidence, when viewed in the light most favorable to them. In the alternative, they argued that if the trial court erred in excluding the defendants’ evidence, the remedy was a new trial, not a directed verdict. Finally, they argued that this Court’s prior opinion had not mandated a directed verdict. To sanction a litigant and its counsel under section 57.105 for trying to reinstate a jury verdict, or at worst, retry the case in front of a new jury, is totally unprecedented and will have a chilling effect on the ability of litigants to seek their appellate remedies, and to obtain counsel willing- to pursue them. The only triers of fact in this case — the jury — found in favor of the plaintiffs. The only judge who actually heard the evidence- — the trial court — was obviously distressed by the outcome in this case.
At the proceedings before the trial court, the defendants tried to portray the plaintiffs as drug dealers attacked during a drug transaction. This was hotly disputed. I do not quarrel with the fact that there was evidence with which to suspect the plaintiffs were involved in illegal activity. I would also have no quarrel with the defendants receiving' a new trial in view of the rulings by the trial court which excluded evidence that the plaintiffs may have been drug dealers.[2] What I find offensive is that an appellate court should, in a case without jurisdiction, direct the outcome of a case where there was such a strongly contested factual dispute. What is even more offensive is that the affected parties should then be sanctioned for pursuing an appeal' in front of a panel which had jurisdiction to review the trial proceedings.
As to the merits of the case, plaintiffs presented evidence that, according to a Wackenhut security survey commissioned by the hotel prior to the attack, the exteri- or lighting was “antiquated” and “poor.” Arthur Sweeney, the Wackenhut area supervisor who performed that security survey, testified that the hotel’s lighting “wasn’t sufficient.” There was no fence surrounding the property as a perimeter deterrent, no closed circuit cameras or exterior alarms, no security guard on duty, and no limitation of access through exteri- or doors.
*520 The lesson from this case is that our dicta carries more weight than our case law, such as Azar v. Richardson Greenshields Sec., Inc., 528 So.2d 1266, 1269 (Fla. 2d DCA 1988), where we stated:
A motion for directed verdict admits the truth of all facts in evidence and every reasonable conclusion or inference based thereon which is favorable to the non-moving party. Hartnett v. Fowler, 94 So.2d 724 (Fla.1957). The motion must be denied if the evidence is conflicting or different conclusions or inferences can be drawn from it. Maximo Moorings Marine Center, Inc. v. Walke, 196 So.2d 215 (Fla. 2d DCA 1967). Further, the trial court may not pass upon the credibility of witnesses or weigh the evidence in ruling on the motion. Maas Bros., Inc. v. Bishop, 204 So.2d 16 (Fla. 2d DCA 1967).
I believe we should reconsider and deny sanctions under section 57.105.
GODERICH and FLETCHER, JJ., concur.

. The motion should have been for a judgment notwithstanding the jury verdict.

. Additionally, I agree that Ramada should be awarded sanctions, as it was the mere franchisor of the hotel. My quarrel is only with Hialeah Hotel’s award of sanctions.