COPE, J.
(dissenting).
Under the circumstances present here, attorney’s fees should not have been assessed under subsection 57.105(1), Florida Statutes.
After this court’s decision in Hialeah Hotel, Inc. v. Talley, 790 So.2d 466 (Fla. 3d DCA 2001), mandamus denied, 816 So.2d 129 (Fla.2002), and review denied, 819 So.2d 140 (Fla.2002), the defendants-appellees filed a motion for entry of judgment in accordance with the defendants’ earlier motion for directed verdict. Included was an alternative motion to strike the pleadings of plaintiffs-appellants for perjury.
The trial court granted the first motion, ruling that the defendants were entitled to a directed verdict. Having done so, the trial court did not reach the alternative request to strike the pleadings. That issue had become moot because of the entry of the directed verdict. Further, to resolve that alternative motion would have required an evidentiary hearing.
The plaintiffs appealed. Under the procedural circumstances, the only issue before this court was whether there was sufficient evidence to submit plaintiffs’ negligence claim to the jury. I have no quarrel with the panel’s decision to affirm the trial court ruling. However, I am not prepared to say that the question of legal sufficiency was so clear-cut as to render the appeal frivolous. Thus, I do not think that attorney’s fees should have been ordered under subsection 57.105(1), Florida Statutes, in favor of defendant Hialeah Hotel, Inc.
FLETCHER, J., concurs.